J. Irwin Shapiro, J.
This is an application by the defendant in person for an order of mandamus directed against and requiring the Warden of Clinton Prison to allow him 8 weeks credit for jail time. The application is opposed by the Attorney-G-eneral.
Petitioner is presently confined in Clinton Prison at Dannemora pursuant to a judgment rendered on January 6, 1962 upon his plea of guilty to the commission of the crime of attempted grand larceny in the second degree and upon which plea he was sentenced (Starkey, J.) to serve a term of not less than 1% years nor more than 5 years.
The petitioner-defendant is presently credited with 429 days of jail time covering the period from the day of his arrest on December 7, 1960 to February 9, 1962, the day of his reception at Sing Sing Prison. The nub of the petitioner’s contention *790 is that he should be credited in addition with 61 days for time spent in civil jáil as a material witness. The time so spent was from October 7, 1960 to December 7, 1960.
The case in which the petitioner was committed as a material witness was one in which Edward Mahoney and Seymour Tauss were defendants and it had no relation to the indictment upon which the defendant here pleaded guilty.
Although the petition could be dismissed because neither the Warden of Clinton Prison nor the State Commissioner of Correction is a proper party respondent herein in view of the fact that they have no authority to amend the commitment papers and must conform strictly with the direction and information contained in such papers (Matter of Donohue v. Brown, 3 Misc 2d 969; People ex rel. Jachson v. Weaver, 279 App. Div. 88; People ex rel. Hand v. Prison Bd. of Sing Sing, 191 App. Div. 127), but that would simply mean that the matter would have to be considered again on the merits. I am therefore cutting the Gordian knot and passing upon the petitioner’s application and denying it as a matter of law for lack of basic merit.
Subdivision 1 ,of section 2193 of the Penal Law, so far as pertinent, provides: “ Whenever any person arrested or apprehended on any charge shall be confined for any period of time, in connection with the charge upon which he was arrested or apprehended, in a * * * jail or other custody, * * * such time from the date of arrest or apprehension to the date the term of imprisonment commences shall become and be calculated as a part of the term of the sentence imposed upon him * # * and such time shall * * * be deducted from the
term of the sentence so imposed ”. It may not now be doubted that jail time under section 2193 may only be allowed when the detention or incarceration is predicated upon the charge for which conviction is later had and sentence imposed (cf. People v. Nagler, 21 A D 2d 490). That is not the case here. The case of People v. Mahoney and Tauss (Indictment No. 2616/1960) wherein the petitioner was held as a material witness charges the defendants there with crimes alleged to have been committed on- February 18, 1960; The crime whereof the petitioner here stands convicted was committed in October, 1960. It is obvious therefore that there was no nexus between the petitioner’s confinement as a material witness and his commitment as a felon, and unless such confinement as a material witness bears, “ an intimate and substantial relationship to the crime for which such person is subsequently convicted” (Matter of Bernoff v. Amoroso, 188 Misc. 845, 847, affd. 271 App. Div. *791 925; Matter of Gross, 139 N. Y. S. 2d 403) he may not be credited with the time spent in jail as a material witness.
The application is in all respects denied, not for technical defects, but on the merits.