PEOPLE *v.* HAINES

1. Criminal Law—Plea of Guilty—Withdrawal of Plea—Discretion—Advice of Rights.

> Denial of defendant's motion to withdraw his plea of guilty, filed before sentencing and alleging that he was not guilty but had pled guilty because he thought that the plea would make him eligible for parole earlier, was not an abuse of discretion where defendant after careful consultation with his attorney was thoroughly advised of his rights by the court and signed a statement that he understood the charge and the maximum sentence, that he understood that he had a right to trial by jury or the court and that the plea was voluntary, after which the court accepted the plea.

2. Criminal Law—Sentence—Sentence Credit—Statutes—Construction of Statutes.

> A sentence which only gave defendant credit for the days spent in the county jail prior to his transfer to prison for a parole violation is amended to grant credit for the days spent in prison prior to sentencing because the sentence credit statute is remedial and should be liberally construed to effectuate its purpose (MCLA § 769.11b).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 May 12, 1970, at Lansing. (Docket No. 8,574.) Decided May 28, 1970.

Glenn E. Haines was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Affirmed in part, and reversed in part.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 504.
[2] 21 Am Jur 2d, Criminal Law § 33.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Alan G. Greenberg,* for defendant.

Before: LESINSKI, C. J., and DANHOF and SNOW,* JJ.

DANHOF, J.   Defendant was arrested on March 27, 1969.   He was charged with robbery unarmed, CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).   At his arraignment defendant stood mute and the court entered a plea of not guilty for him.   On September 15, 1969 a count of larceny in a building was added, CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). Defendant, while represented by counsel, entered a plea of guilty to this lesser crime.   On October 14, 1969 defendant moved to withdraw his plea of guilty.   This motion was denied, and on October 30, 1969 defendant was sentenced to a term of three to four years in prison.   He was given credit for 82 days spent in the county jail prior to his transfer to prison for a parole violation.   He was not credited with the 136 days following his transfer to prison but prior to his sentencing in the present case.

On appeal defendant argues that he should have been permitted to withdraw his guilty plea and stand his trial because he was not guilty, and the only reason he pled guilty was because he thought he would become eligible for parole earlier by doing so.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The record in this case reveals that the defendant, after careful consultation with his attorney, was thoroughly advised of his rights by the court. The defendant signed a statement that he had a copy of the information; that he knew and understood the elements of the offense; that he knew he was entitled to a trial by jury or by the court at which he would be presumed innocent until proven guilty beyond a reasonable doubt; that he had full and adequate opportunity to converse with his lawyer, friends and relatives; that he knew the maximum sentence which could be imposed; and that he pled guilty because he was guilty and that he did so voluntarily, freely, understandingly, and without promise of leniency, and without any undue influence, compulsion, duress, threat or constraint. Defendant's attorney certified that the defendant's statement was voluntarily made and that the attorney agreed to it. *Only then* did the trial court accept defendant's guilty plea. A motion to withdraw a plea of guilty is directed to the discretion of the court. There was no abuse of discretion in denying defendant's motion to withdraw his change of plea. *People* v. *Temple* (1970), 23 Mich App 651. See also *People* v. *Stewart* (1970), 23 Mich App 589.

Defendant also argues that he should have received credit for the 136 days following his transfer to prison but prior to his sentencing in the present case. We agree. The opinions in *People* v. *Chattaway* (1969), 18 Mich App 538, and *People* v. *Hall* (1969), 19 Mich App 95, state that the sentence credit statute, MCLA § 769.11b (Stat Ann 1970 Cum Supp § 28.1083[2]) is remedial and should be liberally construed to effectuate its purpose. Cf. *People* v. *Pruitt* (1970), 23 Mich App 510.

Pursuant to GCR 1963, 820.1(7) it is ordered that the defendant's sentence be amended specifically to grant him credit for a total of 218 days.

Affirmed in part, and reversed in part.

All concurred.