PEOPLE v GROENEVELD

1. CRIMINAL LAW—COMPETENCY TO STAND TRIAL—DUTY OF JUDGE— BONA FIDE DOUBT—DISCRETION.

A trial judge has a duty to raise the issue of competency, if facts are brought to his attention which raise a bona fide doubt as to a criminal defendant's capacity to stand trial; however, the question whether a bona fide doubt exists is within the discretion of the trial court, and that decision will be reversed only for an abuse of discretion (MCLA 767.27a).

2. CRIMINAL LAW—COMPETENCY TO STAND TRIAL—DUTY OF JUDGE.

Failure of a trial judge to raise *sua sponte* the issue of a defendant's competence to stand trial was not error, despite the fact that less than three months prior to defendant's arraignment for felonious assault the trial judge had ordered the defendant transferred to a state hospital, where the judge also knew that defendant had been released from the state hospital, and where the judge had access to a letter from two physicians on the hospital staff which said that defendant was not suffering from any mental disease; the trial judge could have reasonably concluded that there was no question of defendant's competence to stand trial.

3. CRIMINAL LAW—SENTENCES—CREDIT FOR TIME SERVED—STATUTES.

The statute requiring credit for time spent in jail before sentencing is remedial and should be liberally construed to effectuate the salutary purpose sought to be achieved by the Legislature in its enactment (MCLA 769.11b).

4. CRIMINAL LAW—SENTENCES—CREDIT FOR TIME SERVED—MENTAL HOSPITALS—COMMITMENT.

A defendant's commitment to a state mental hospital as the result of a civil proceeding bore no relationship to his subsequent conviction for felonious assault; therefore, the defendant was not entitled to credit against his sentence for time spent in the state hospital (MCLA 330.21, 769.11b).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial §§ 47–52.

[3, 4] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

Appeal from Midland, James R. Rood, J. Submitted Division 3 May 7, 1974, at Grand Rapids. (Docket No. 17918.) Decided July 24, 1974.

Danny Lee Groeneveld was convicted, on his plea of guilty, of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Gerald L. White,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and QUINN, JJ.

J. H. GILLIS, J. Defendant was arrested December 22, 1972 on a charge of felonious assault. MCLA 750.82; MSA 28.277. While he was incarcerated in the Midland County jail awaiting arraignment, his wife, on January 5, 1973, petitioned the Midland County Probate Court to have defendant committed to a state mental institution. On January 9, the court adjudged defendant mentally ill and ordered him committed to Traverse City State Hospital. On January 24, Midland County Circuit Judge Rood ordered that defendant be released from the county jail and transported immediately to the state hospital. Following his March 23, 1973 discharge from the hospital, defendant was arraigned before Judge Rood on April 11. The judge accepted defendant's plea of guilty to felonious assault, and sentenced him to two years, eight months to four years imprisonment. Defendant appeals.

Defendant argues that it was error for the trial

judge not to raise, *sua sponte,* the issue of defendant's competence to stand trial, since he was the same judge who, less than three months prior to arraignment, ordered defendant transferred to a state hospital. It's true that if facts are brought to the attention of the trial court which raise a "bona fide doubt" as to defendant's capacity to stand trial, the trial judge has a duty to raise the issue of competency. *Pate v Robinson,* 383 US 375; 86 S Ct 836; 15 L Ed 2d 815 (1966); *People v Russell,* 20 Mich App 47; 173 NW2d 816 (1969); see MCLA 767.27a; MSA 28.966(11). However, the question of whether a "bona fide doubt" exists is within the discretion of the trial court,[1] and that decision will be reversed only for an abuse of discretion. We find no abuse of discretion here.

The trial judge was informed of defendant's recent history of supposed mental illness. However, the judge obviously also knew that defendant had been released from the state hospital. Moreover, in the lower court file there is a letter from two physicians of the Traverse City State Hospital staff addressed to the probate judge who ordered defendant's commitment. The letter says, "This patient [defendant] is not suffering from any mental disease. His problems are mainly behavioral in nature and not the product of mental disease." Surely, the trial judge had access to this letter. From this information he could have reasonably concluded that there was no question of defendant's competency to stand trial.

Next, defendant argues that his guilty plea must

---

[1] MCLA 767.27a; MSA 28.966(11), provides in pertinent part: "The issue of competence to stand trial *may be raised* by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or *by the court on its own motion.* The time and form of the procedure incident to raising the issue of competence shall be provided by court rule." (Emphasis supplied.)

be reversed because the trial judge did not inform him of his right to be tried without a jury. This contention is without merit. On the date of the guilty plea in this case the trial judge was not required to inform a criminal defendant of this statutory right. *People v Smith,* 52 Mich App 731; 218 NW2d 151 (1974).[2]

Next, defendant contends he is entitled to credit against his sentence for the 57 days he was involuntarily confined in a state hospital.[3] He says this credit is required by MCLA 769.11b; MSA 28.1083(2), which provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

Defendant argues that a jail is any place of confinement, and that in this case Traverse City State Hospital was such a place.

The statute requiring credit for time spent in jail before sentencing is remedial and should be liberally construed to effectuate the salutary purpose sought to be achieved by the Legislature in its enactment. *People v Cohen,* 35 Mich App 706; 192 NW2d 652 (1971); *People v Gravlin,* 52 Mich App 467; 217 NW2d 404 (1974). Even so, we do not think the statute is applicable here.

To be entitled to credit, the time spent in confinement must "bear an intimate and substantial relationship to the crime for which such person is

---

[2] *But see* GCR 1963, 785.7(1)(d)(i), effective as to guilty pleas accepted on and after June 1, 1973.

[3] Defendant was given credit for the 35 days he spent in the county jail prior to his hospital commitment.

subsequently convicted". *Bernoff v Amoroso,* 188 Misc 845, 847; 65 NYS2d 810, 813 (1946). See *People v Noble,* 26 Misc 2d 903; 207 NYS2d 467 (1960); *People v Nagler,* 21 AD2d 490; 251 NYS2d 107 (1964); *Commonwealth v Rundle,* 207 Pa Super 443; 217 A2d 772 (1966). There must be a "nexus" between a defendant's confinement and his criminal activity. *People v Rosen,* 45 Misc 2d 789; 257 NYS2d 626 (1965). There is no such nexus in the instant case. Defendant's confinement to Traverse City State Hospital was the result of a civil proceeding under MCLA 330.21; MSA 14.811; defendant was ordered committed to the institution by the probate court on a petition filed by his wife. Therefore, Groeneveld's commitment to the state hospital bears no relationship to his subsequent conviction for felonious assault. He is not entitled to credit for the time he spent there.

We have reviewed defendant's other assignments of error and find them to be without merit.

Affirmed.

All concurred.