PEOPLE v DONKERS

1. Criminal Law—Sentencing—Credit for Time Served—Specification—Court Rules.

    A trial court is required at sentencing to state on the record any credit for time served to which a defendant may be entitled; this requirement is not fulfilled where the trial judge states that he has considered the time spent in jail in arriving at the sentence pronounced or that the defendant has been given credit for such time (GCR 1963, 785.8[3]).

2. Criminal Law—Sentencing—Credit for Time Served—Inability to Post Bond—Separate Convictions—Statutes.

    A person convicted of any crime who has served time in jail prior to sentencing because he was unable to furnish bond for the offense of which he was convicted shall be specifically granted credit, by the sentencing court, for the time so served; this statutory rule has been interpreted to give a defendant credit for time served where the defendant was unable to furnish bond because he was in jail after being sentenced in another case (MCLA 769.11b; MSA 28.1083[2]).

3. Criminal Law—Sentencing—Improper Sentences—Correction of Improper Sentences.

    The Court of Appeals will not correct an improper sentence but will vacate the sentence and remand for resentencing where the record is unclear as to what the trial court intended the sentence to be.

Appeal from Grand Traverse, William R. Brown, J. Submitted June 4, 1976, at Grand Rapids. (Docket No. 24618.) Decided August 23, 1976.

Joseph P. Donkers was convicted of delivery of

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 533, 545, 606.
[3] 21 Am Jur 2d, Criminal Law § 574.

amphetamine. Defendant appeals. Affirmed but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael Houlihan,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Keith D. Roberts,* of counsel), for the people.

*Dean A. Robb, P. C.* (by *Thomas L. Phillips),* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

DANHOF, C. J. On February 21, 1975, Joseph Peter Donkers pled guilty to the offense of delivery of amphetamine. MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). He was sentenced to a term of a minimum of one year to a maximum of seven years in prison on April 11, 1975. The defendant appeals as of right.

The defendant was arrested for the present offense on September 11, 1974. He was arrested while he was serving a six month sentence in the county jail arising out of a previous conviction for an unrelated offense. Due to a subsequent resentencing on the prior conviction, the prior sentence ended on December 26, 1974. As to the present offense, the defendant was released on bond on January 10, 1975. He had been in jail continuously from the time of his arrest until he was released on bond.

All the issues raised on appeal relate to the credit to be given the defendant for time served in jail prior to his sentencing on the present offense.

The defendant first contends that the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was required to specifically grant credit for time served on the record under the mandate of GCR 1963, 785.8(3).

In the present case, the trial court never specified the credit to be given for time served. When asked about this at the sentencing, the trial court stated:

"It was my intent in framing the sentence to in effect give credit for the prior six months served and that's how I arrived at the minimum of one year, after counsel's advice of the relationship—time relationship of that sentence to the present conviction, so in stating the minimum I have in effect given such credit."

GCR 1963, 785.8(3) requires the trial court at the sentencing to state "any credit for time served to which the defendant may be entitled".

As to this credit, the court in *Booker v Judge of Recorder's Court,* 7 Mich App 705, 709; 153 NW2d 178 (1967), stated:

"The required specific grant of credit cannot be accomplished by the trial court stating he has considered the time spent in jail in arriving at the sentence pronounced nor by a statement that defendant has been given credit for such time. It must appear from the record that such specific grant of credit was made and the manner in which it was made."

Under *Booker v Judge of Recorder's Court, supra,* it is apparent the trial court in the instant case failed to comply with the mandate of GCR 1963, 785.8(3). It is not sufficient to "in effect" give credit by stating the minimum sentence. The trial court must specifically give credit on the record for time served.

The defendant next argues that he should be given credit for the period he was in jail between

his arrest and his subsequent release on bail prior to sentencing.

MCLA 769.11b; MSA 28.1083(2) provides that where a person convicted of any crime has served time in jail prior to sentencing because he was unable to furnish bond for the offense of which he was convicted, the sentencing court shall specifically grant him credit against the sentence for the time so served.

As the above statute is remedial and should be liberally construed, it has been interpreted to give the defendant credit for time served where the defendant was unable to furnish bond while he was in jail after being sentenced in another case. *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969). See also *People v Haines,* 24 Mich App 240; 180 NW2d 107 (1970).

The present case does not involve consecutive sentencing as in *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974).

Accordingly, the defendant in the present case is entitled to credit against his sentence for the time he was in jail, unable to furnish bond for whatever reason, between the time of his arrest on September 11, 1974, until he was released on bond on January 10, 1975. *People v Chattaway* and *People v Haines, supra.*

The defendant's last contention is that this Court can correct his erroneous sentence without remanding the case to the trial court.

This we decline to do. The record is unclear as to what the trial court intended the sentence to be. The minimum sentence was somehow bound up with the credit for time served. Further, the credit should not have been a full six months. Therefore, as we are unable to determine from the record what the trial court intended, we will vacate the

sentence and remand for resentencing. *People v Hurst,* 59 Mich App 441, 449; 229 NW2d 492 (1975).

Affirmed. Remanded for resentencing in accordance with this opinion. We do not retain jurisdiction.