PEOPLE v FINN

CRIMINAL LAW—SENTENCING—CREDIT FOR TIME SERVED—INABILITY TO
    POST BOND—SEPARATE CONVICTIONS—STATUTES.

A defendant convicted of larceny is not entitled to credit for time
    served in jail for an unrelated offense where the defendant was
    free on bond after his arrest for larceny when he went to jail
    for the other offense and where defendant had not served time
    in jail because of being denied or unable to furnish bond for the
    larceny charge (MCLA 769.11b; MSA 28.1083[2]).

Appeal from Tuscola, Norman A. Baguley, J. Submitted January 12, 1977, at Lansing. (Docket No. 28089.) Decided March 30, 1977.

Sidney R. Finn was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Patrick R. Joslyn,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Mark I. Leach,* Assistant Attorney General, of counsel), for the people.

*David N. Andreychuk,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and V. J. BRENNAN and BRONSON, JJ.

D. E. HOLBROOK, JR., P. J. On May 30, 1975, defendant was arrested in Tuscola County and released on bond four days later. On July 14, 1975, defendant pled guilty, in Tuscola County, to lar-

ceny in a building. MCLA 750.360; MSA 28.592. Sentencing was delayed to August 25 and bond was continued. For some reason, not apparent from the record, defendant was not sentenced in Tuscola County on August 25. On July 31, 1975 defendant pled guilty to an unrelated offense in Oakland County and on August 26, 1975, was sentenced in Oakland County to probation and as a condition thereof to spend six months in the county jail. Defendant was released from the Oakland County jail on December 1, 1975 after serving 98 days.

Following his release from the Oakland County jail defendant appeared on December 15, 1975 for sentencing in Tuscola County at which time defendant was advised by the court that it was the court's intention to place defendant on probation. Defense counsel responded that unless the court would give defendant credit for six months served in Oakland County defendant would prefer Jackson prison. Thereafter the court postponed sentencing until December 29, 1975. At that time defendant unequivocally stated to the court that he did not want probation, whereupon the trial judge sentenced defendant to 32 months to four years in prison with credit for four days previously served.

On appeal defendant raises a number of issues. We find all to be unworthy of discussion except those issues relating to the amount of jail time credit to which defendant was entitled. Defendant argues he is entitled to credit for the six-month Oakland County sentence or at least the 98 days actually spent by defendant in the Oakland County jail pursuant to such sentence. We disagree.

The statute governing the disposition of this

case is MCLA 769.11b; MSA 28.1083(2), which reads as follows:

> "Sec. 11b. Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

This case is factually distinguishable from the case of *People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976), wherein this Court interpreted the above statute. In *Donkers* the defendant was already in jail serving a six-month sentence when arrested on an unrelated charge. Hence, the Court in *Donkers* held:

> "Accordingly, the defendant in the present case is entitled to credit against his sentence for the time he was in jail, unable to furnish bond for whatever reason, between the time of his arrest * * * until he was released on bond * * * ". *Id,* at 695.

The distinguishing features between *Donkers* and the case at bar are obvious. In *Donkers* the defendant was arrested while in jail as a result of a previous conviction for an unrelated offense. Hence he was unable to furnish bond. In the present case defendant did in fact post bond for the offense for which he was ultimately convicted and thereafter, while free on bond, went to jail on an unrelated charge in another county. Technically, therefore, defendant was still free on bond relative to the Tuscola County offense and was not denied or unable to furnish bond for the offense for which he was convicted in Tuscola County. He

was free on bond in Tuscola County from four days following his arrest to the time he was sentenced. While it is true that the courts of this state have interpreted the jail credit statute liberally, *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969), to stretch such liberal interpretation to the extent urged by defendant would be to extend the doctrine beyond the conceivable scope of the statute and the legislative intent therein expressed.[1]

We find no reversible error.

Affirmed.

---

[1] Suppose for example defendant is arrested in County A and released on bond and thereafter pleads guilty in County B to an unrelated offense. Further suppose defendant is sentenced to 90 days in the county jail for the offense in County B. Then suppose following his release he goes back to County A, pleads guilty and is sentenced to 90 days in the county jail in County A. If we were to adopt defendant's argument defendant would not be required to spend any jail time in County A thereby avoiding any punishment. To so hold would be to stretch even a liberal construction of the statute to its breaking point.