PEOPLE v RISHER

PEOPLE v HOPKINS

1. CRIMINAL LAW—SENTENCING—CREDIT FOR TIME SERVED—UNRELATED OFFENSES—UNRELATED JAIL TIME—STATUTES.

A defendant convicted of assault with intent to rob while armed is not entitled to credit for time served in a juvenile detention facility for an unrelated offense where he pled guilty to assault with intent to rob while armed and was free on bond when he was convicted and detained for the other offense because he did not spend time in the juvenile detention facility for the offense of which he was convicted until after he was sentenced for that offense (MCLA 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW—PRINCIPAL CHARGE—INCLUDED OFFENSES—CRIMINAL CONVICTIONS.

A defendant may not be convicted of both a principal charge and a necessarily included offense.

3. INDICTMENT AND INFORMATION—ELECTION BETWEEN COUNTS—EVIDENCE—PREJUDICE.

The people ought not to be compelled to elect between counts of an information charging several offenses which are distinct in point of law but spring out of substantially the same transaction or are so connected in their facts as to make them substantially parts of the same transaction or connected series of facts as the defendant cannot be prejudiced in his defense by the joinder; a court should neither quash nor compel an election by the people.

Appeal from Bay, Leon R. Dardas, J. Submitted April 6, 1977, at Grand Rapids. (Docket Nos. 28201, 28911.) Decided September 20, 1977.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 545.
[2] 21 Am Jur 2d, Criminal Law § 185.
[3] 41 Am Jur 2d, Indictments and Informations §§ 226, 227.

Sammy L. Risher and Robert L. Hopkins were convicted, on their separate pleas of guilty, of assault with intent to rob while armed. Defendants appeal. Appeals consolidated. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Jan Armon,* for defendant Risher.

*Barbara R. Levine,* Assistant State Appellate Defender, for defendant Hopkins on appeal.

Before: D. E. HOLBROOK, JR., P. J., and QUINN and ALLEN, JJ.

ALLEN, J. These cases were consolidated on appeal because both defendants were involved in the robbery of a service station in Bay County on November 2, 1975. Both defendants ultimately pled guilty to a reduced charge of assault with intent to rob while armed. MCLA 750.89; MSA 28.284. The appeals raise no common issues. Therefore, we will discuss the appeal of each defendant separately.

### APPEAL OF SAMMY LYNN RISHER

Defendant Risher pled guilty in this case on December 1, 1975, and was released on bond pending sentencing. On December 23, 1975, he pled guilty in the juvenile division of Genesee County Probate Court to an unrelated armed robbery charge. The probate judge ordered that the defendant be placed immediately in a juvenile detention facility. He was so held until after February 9, 1976, when the Bay County circuit judge imposed

a sentence of 4 to 10 years for the conviction which led to the present appeal.

Defendant contends that he should have received credit against his Bay County sentence for the time he spent in the juvenile detention facilities pursuant to the Genesee County sentence. He bases his claim on MCLA 769.11b; MSA 28.1083(2) which states:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond *for the offense of which he is convicted,* the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." (Emphasis added.)

Defendant did not spend time in jail "for the offense of which he is convicted" until after he was sentenced. He was free on bond until sentencing. The time he spent in jail was a consequence of his Genesee County juvenile conviction. As we read the statute, especially the emphasized portion, the defendant is not entitled to the claimed credit. Several cases have granted questionable credits in the name of a "liberal reading" of the statute. See, *e.g., People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976). But we do not believe that we may disregard the clear language of the statute. We choose to follow *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977), which, on nearly identical facts, denied the requested credit. See also *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974).

APPEAL OF ROBERT LEE HOPKINS

Defendant Hopkins pled guilty to an added

count of assault with intent to rob while armed. As part of the plea bargain, the prosecutor dismissed the original five-count information which had charged armed robbery, MCLA 750.529; MSA 28.797, larceny in a service station, MCLA 750.360; MSA 28.592, carrying a pistol with intent to use the same unlawfully, MCLA 750.226; MSA 28.423, carrying a concealed weapon, MCLA 750.227; MSA 28.424, and larceny over $100, MCLA 750.356; MSA 28.588. On appeal, the defendant argues that his plea must be set aside as involuntarily and unknowingly made because it was motivated by the promise to dismiss the other charges when, in fact, the prosecutor could not have proceeded to try and convict the defendant on all five of the original charges. See *People v Goins,* 54 Mich App 456; 221 NW2d 187 (1974).

We first examine the argument that the defendant could not have been convicted on all five of the original charges. A defendant may not be convicted of both a principal charge and a necessarily included offense. *People v Guidry,* 67 Mich App 653; 242 NW2d 461 (1976), *rev'd on other grounds* 399 Mich 803 (1977). But the defendant concedes that the offenses charged in Counts 2 to 5 were not necessarily included offenses of the armed robbery charged in Count 1. This is because each requires proof of some element which is not an element of armed robbery.

But the defendant does argue that each of the charges in Counts 2 to 5 was a *cognate* lesser included offense of the armed robbery charge. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). He argues that, now that cognate included offenses have been recognized, the rule barring conviction of both a principal charge and a necessarily included offense should also apply in the realm of cognate included offenses.

We decline to adopt such a sweeping rule without guidance from the Supreme Court. As the *Ora Jones* opinion points out, Michigan has long treated cognate included offenses as if they were necessarily included offenses. But express recognition of the distinction between necessarily included and cognate included offenses began with *Ora Jones.* While *Ora Jones* offers helpful definitions,[1] the Supreme Court has not yet fully defined the concept of cognate included offenses. Nor has it indicated the extent to which cognate included offenses and necessarily included offenses should be treated identically.

*People v White,* 390 Mich 245; 212 NW2d 222 (1973), held that a defendant could not be *separately* prosecuted for kidnapping, rape and felonious assault where all the charges arose out of the same criminal transaction; but the same opinion also stated that all three charges could have been charged in one information and brought to trial at the same time. On the facts of *White,* it appears that felonious assault was a cognate included offense of rape and/or kidnapping. Thus *White* must be at least partially overruled if the rule suggested by this defendant is to be adopted.

Two more recent decisions by the Supreme Court support the defendant's position although neither expressly addresses the cognate included offense problem. In both *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), and *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d

---

[1] A lesser offense is necessarily included when "it is impossible to commit the greater without first having committed the lesser". Other lesser included offenses are cognate included offenses if they are "related (to the greater offense) and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense". 395 Mich at 387.

31 (1977), the Court held that a defendant could not be convicted of both delivery of heroin, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), and possession of the same heroin, MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a). *Stewart* states that "[i]n a given case, sale may be found without possession". 400 Mich at 548. Given the definitions in *Ora Jones* and fn 1, *supra,* that statement would mean that possession may be a cognate included offense within a sale charge but it is not a necessarily included offense. *Stewart* therefore supports the defendant's argument that he could not have been convicted of both a principal offense and cognate included offense. However, neither *Stewart* nor *Martin* ever mentions *Ora Jones* or the concept of cognate included offenses.

Even if *Martin* and *Stewart* do not establish a double jeopardy rule applicable to all cognate included offenses, they do call into question the propriety of the prosecution tactics in the present case. Both opinions relied on *State v Allen,* 292 A2d 167, 172 (Me, 1972):

"It is elementary that the State cannot divide a single offense into several parts according to time and conduct and base separate prosecutions upon and impose separate punishments for the various necessary divisions of that single crime."

That quotation exactly describes the prosecutor's tactics in the present case. The separate charges were obviously contrived. The crime in the present case was armed robbery. The multiple charges were possible only if that offense was artificially divided "into several parts according to time and conduct". 292 A2d at 172. *Martin* and *Stewart* both expressly condemn that practice. See also *People v Guidry,* 399 Mich 803 (1977), *People v*

*Longuemire,* 77 Mich App 17; 257 NW2d 273 (1977),[2] and *People v Fossey,* 41 Mich App 174; 199 NW2d 849 (1972).

Despite the suggestions that the Supreme Court may be inclined to adopt the defendant's argument, we cannot reverse his conviction on the strength of *Martin* and *Stewart* alone. Those cases left undisturbed a long line of Michigan decisions which have approved the very tactic employed in this case. The established rule was summarized in 13 Michigan Law & Practice, Indictment and Information, § 56, pp 661–662:

> "[W]hen distinct offenses are charged in different counts of an indictment, but are committed by the same acts, at the same time, and the same testimony must necessarily be relied upon for a conviction, the people ought not to be compelled to elect between the counts. As alternatively stated, where several offenses charged in an indictment, though distinct in point of law, spring out of substantially the same transaction, or are so connected in their facts as to make them substantially part of the same transaction or connected series of facts, the defendant cannot be prejudiced in his defense by the joinder of the several offenses in one indictment, and the court will neither quash nor compel an election."

More than 20 Supreme Court and Court of Appeals decisions are cited in support of this summary. Illustrative examples include *People v Kruper,* 340 Mich 114; 64 NW2d 629 (1954) (both extortion and unarmed robbery properly charged

---

[2] *Longuemire* held that *People v Martin, supra,* precluded conviction for both larceny over $100 and larceny in a building. The latter was said to be "necessarily included" in the former "on the facts of this case". *Longuemire* at 24. For reasons outlined above, that could only mean that the latter was a cognate included offense of the former. But the opinion does not consider whether cognate included offenses should be treated differently than necessarily included offenses.

in separate counts of the same information), and *People v Iacopelli,* 30 Mich App 105; 186 NW2d 38 (1971). The latter case is especially pertinent because it held that the prosecutor had properly charged both carrying a concealed weapon and carrying a pistol with intent to use the same unlawfully. Those were two of the five charges brought against defendant Hopkins in this case. And see *People v Johns,* 336 Mich 617; 59 NW2d 20 (1953), where the defendant was convicted and sentenced on several counts.

*People v Martin, supra,* cites *People v Cook,* 236 Mich 333; 210 NW 296 (1926), as authority for holding that a defendant may not be convicted of selling and possessing the same controlled substance. *Cook* held that two charges could not be brought in separate trials. It may be true that the same logic also bars bringing both charges at the same trial, but the earlier cases clearly recognized a distinction between the two situations and neither *Martin* nor *People v Stewart, supra,* has recognized the distinction or overruled the cases— except by implication where sale and possession of the same substance are charged.

Since a long established number of Supreme Court decisions indicate that the prosecutor acted properly, we affirm Hopkins' conviction. At the same time we recognize that *Martin* and *Stewart* may presage an overruling of that precedent, but that decision should be left to the Supreme Court. However, we would discourage the tactics in cases like this where a single major offense is so obviously broken into a number of related components.

The convictions and sentences of both defendants are affirmed.