PEOPLE v FACE

Docket No. 77-3937. Submitted April 6, 1978, at Lansing.—Decided February 6, 1979.

On October 15, 1976, defendant, Judy Face, was arrested for negotiating bad checks in Lenawee County and placed in jail pending trial. On October 19, 1976, a "hold" was placed on her due to a Hillsdale County warrant concerning other bad checks. On December 1, 1976, she was placed on probation in Lenawee County with the provision that she serve six months in the county jail, with credit for the time spent in jail awaiting sentence. She was released on March 10, 1977, and immediately arrested in Hillsdale County, where she stayed in jail until March 17, 1977, when she posted bond. On April 4, 1977, she pled guilty and was placed on five years probation. On April 12, 1977, she was arrested on a probation violation and on April 26, 1977, sentenced to 3 to 14 years in prison without credit for time previously served. Judge Kenneth J. Prettie, on a motion to modify the sentence, granted defendant credit for the period from April 12 to April 26, 1977, the time she was incarcerated awaiting sentence on the probation violation, but denied credit for the periods from October 15, 1976, to March 10, 1977, her jail sentence in Lenawee County, and from March 10, 1977, to March 17, 1977, the stay in the Hillsdale County jail subsequent to arrest and prior to posting bond. Defendant appeals. *Held:*

1. The defendant is entitled to credit for time served in jail due to inability to post bond pending arraignment on the charge.

2. The defendant is entitled to credit for time served in another county where a "hold" was put on her while serving time in the other county but where no formal charges were brought in the case until after her release; to hold otherwise would be to impose consecutive sentences upon her by denying

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 545, 567.

[2] 21 Am Jur 2d, Criminal Law §§ 545, 547, 548, 567.
   Sentences by different courts as concurrent. 57 ALR2d 1410.

[3] 21 Am Jur 2d, Criminal Law §§ 545, 567, 568.

her the benefit of concurrent sentencing, which is mandatory absent specific statutory authority to the contrary.

Sentence modified.

V. J. BRENNEN, J., dissented. He opined that because of the discretionary nature of probation, the Court of Appeals could only assume the sentencing courts had taken her prior incarceration into account in placing her on probation in the first place. He would hold that the defendant is only entitled to credit for the 14 days from April 12 to April 26, 1977.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — STATUTES — PROBATION VIOLATION.

A defendant is entitled to credit for time served in jail due to inability to post bond pending arraignment on the charge where he was placed on probation on the charge and was subsequently imprisoned for violation of probation (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — SUBSEQUENT CHARGES — "HOLD" FILED WHILE IN JAIL.

A defendant sentenced for violation of probation is entitled to credit for time served on charges in another county where a "hold" was put on him while serving time in the other county but where no formal charges were brought in the case until after his release; to hold otherwise would be to impose consecutive sentences upon him by denying him the benefit of concurrent sentencing, which is mandatory absent specific statutory authority to the contrary (MCL 769.11b; MSA 28.1083[2]).

DISSENT BY V. J. BRENNAN, J.

3. APPEAL AND ERROR — CRIMINAL LAW — SENTENCING — MODIFICATION OF SENTENCE — CREDIT FOR PRIOR INCARCERATION.

*The Court of Appeals, on a silent record, can only assume that, because of the discretionary nature of probation, a sentencing court took a defendant's prior incarceration regarding the same criminal episode into account in deciding to place the defendant on probation and the Court of Appeals should not modify the sentencing court's subsequent sentence following a probation violation and allow credit for such prior incarceration.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald C. Zellar,*

Prosecuting Attorney, and *Mark I. Leach,* Assistant Attorney General, for the people.

*Donald L. Sanderson,* for defendant on appeal.

Before: ALLEN, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. The facts here are not at all in dispute. Between October 1 and October 7, 1976, defendant negotiated $2,000 worth of bad checks in both Lenawee and Hillsdale Counties in violation of MCL 750.249; MSA 28.446. On October 15, 1976, she was arrested in Lenawee County and placed in jail pending trial. On October 19, 1976, a "hold" was placed on her due to a Hillsdale County warrant. On December 1, 1976, defendant was placed on probation in Lenawee County with the first six months to be served in the county jail, with credit given for the time spent in jail awaiting sentence. Upon her release on March 10, 1977, defendant was formally arrested in Hillsdale County and placed in jail, where she stayed until posting bond on March 17, 1977.

On March 21, 1977, defendant pled guilty to the charge and on April 4, 1977 was placed on probation for five years. On April 12, 1977, defendant was arrested for violating the terms of her probation and was sentenced on April 26, 1977, to 3 to 14 years imprisonment. No credit was given for time previously served. On August 22, 1977, a hearing was held on defendant's motion to modify this sentence. There the judge ruled that defendant was entitled to credit on her sentence for the period of April 12 to April 26, 1977, when she was in jail awaiting sentencing for the probation violation. However, she was not given credit for the period from October 15, 1976, to March 10, 1977,

when she was serving her six-month term in the Lenawee County jail. Nor was she given credit for the period from March 10 to March 17, 1977, when she was in the Hillsdale County jail because she could not post bail. Defendant now appeals as a matter of right.

Defendant raises two issues for our review and they can be stated as follows:

I. Where defendant was eventually imprisoned for violation of probation, was she entitled to credit for time served in jail due to her inability to post bond pending arraignment on the charge that led to the probation?

II. Where defendant was eventually imprisoned for violation of probation, was she entitled to credit for time served pursuant to charges in another county, when a "hold" was put on her while serving time in the other county, but when no formal charges were brought in this case until after her release?

We answer both questions in the affirmative.

The statute here involved is MCL 769.11b; MSA 28.1083(2) and it reads:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

It should be remembered that the statute is remedial and:

"* * *should be liberally construed to effectuate the salutary purpose sought to be achieved by the Legislature in its enactment." *People v Groeneveld,* 54 Mich

App 424, 427; 221 NW2d 254 (1974), *lv den* 393 Mich 814 (1975).

That purpose is:

"* * *to equalize as far as possible the status of the indigent and the less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." *People v Pruitt,* 23 Mich App 510, 513; 179 NW2d 22 (1970).

In order to put defendant in the same position as one who could have posted bail, it is necessary to give her credit for the seven days spent in the Hillsdale County jail pending her arraignment on the bad check charge. Defendant's six-month term in the Lenawee County jail had expired and the sole reason for the week-long imprisonment in the Hillsdale County jail was her inability to post bond.

In coming to this conclusion we rely upon *People v Groeneveld, supra,* pp 427-428, and the proposition that:

"To be entitled to credit, the time spent in confinement must 'bear an intimate and substantial relationship to the crime for which such person is subsequently convicted.' "

We conclude that such a nexus exists between defendant's confinement awaiting her bad check charge and her conviction for violating the probation imposed for the bad check charge.

There remains the question of whether defendant is entitled to further credit for the time served in the Lenawee County jail. Reviewing again the applicable statute, it is difficult to credit the arguments defendant proffers. The time spent

in the Lenawee County jail was for a sentence imposed in another case. Nor was bail in the Hillsdale County bad check case set until after defendant was released from jail in Lenawee County. Thus, no time was served in Lenawee County "because of being denied or unable to furnish bond". Nor was the time served "for the offense of which he is convicted". See *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977), and *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977), for somewhat analogous situations.

Defendant's reliance on *People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969), and *People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976), is misplaced. In these cases defendant was *arrested* for a crime while serving a sentence in another case. He was given credit for the time served from the date of his arrest, since he was unable to furnish bond while serving the time. The Court in *Chattaway, supra,* p 543 stated:

"We hold that the statute entitles a convicted person to sentence credit *without regard to the reason why he was denied or unable to furnish bond."* (Emphasis added.)

Here, however, no arrest took place in the Hillsdale County charge until *after* defendant was released from the Lenawee County jail. Thus, there is no basis at all for the contention that the detention was due to defendant's inability to set bail. At least in *Chattaway, supra,* and *Donkers, supra,* the inability to post bond was one of the reasons for defendant's incarcerations.

We also are not persuaded by defendant's argument that a "hold" is equivalent to an arrest.

However, we are persuaded that defendant should be given credit for this time for the reason

that the effect of the action taken by the authorities in waiting to arrest defendant until after she served the Lenawee County sentence is to impose consecutive sentences upon her. Defendant could have been sent to Hillsdale County for arraignment at the time the "hold" was placed on her. If that had occurred, defendant would have been denied bail in the Hillsdale County case and *Chattaway, supra,* and *Donkers, supra,* would be applicable, entitling her to credit for the time subsequently served in Lenawee County. Instead, however, the authorities delayed arresting defendant, thereby circumventing *Donkers, supra,* and *Chattaway, supra.* Because of this delay, defendant lost the benefit of concurrent sentencing, which is required absent explicit statutory authority to the contrary, *People v Lawson,* 75 Mich App 726, 730; 255 NW2d 748 (1977). Such a result seems particularly unfair in this case, especially when it is noted that the offenses in Hillsdale and Lenawee counties both occurred in the same week.

In *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), the Court denied credit for pretrial incarceration in a consecutive sentence situation. While *Patterson* is distinguishable from this case for that reason, its reasoning is noteworthy. There, the Court interpreted MCL 769.11b; MSA 28.1083(2) in such a way as to avoid undermining a statute permitting consecutive sentencing. Here, MCL 769.11b; MSA 28.1083(2) should be interpreted so as to avoid imposing consecutive sentences in a situation where such sentences are *not* authorized.

We do so interpret it here and allow defendant credit from the date of the "hold", October 19, 1976, until her release from the Lenawee County jail, March 10, 1977, a period of 143 days.

Accordingly, we modify the sentence imposed below to allow defendant a total credit of 150 days.

ALLEN, P.J., concurred.

V. J. BRENNAN, J., *(dissenting).* I must dissent.

As stated by the majority, the defendant served six months in jail on the Lenawee County charge.

Upon release, defendant was arrested in Hillsdale County and spent seven days in jail until posting bond. Defendant then pled guilty to the Hillsdale County charge and was sentenced to probation only, no incarceration. At this point, due to the discretionary nature of a sentence of probation, this Court can only assume that the prior incarceration was then taken into account by the sentencing court. Upon the new conviction of violation of probation, the sentencing court was free to impose the 3- to 14-year term with credit only for the time spent in jail awaiting sentence on the violation, namely, the 14 days between April 12, 1977, and April 26, 1977.