PEOPLE v TILLIARD

Docket No. 46040. Submitted December 19, 1979, at Detroit.—Decide
June 3, 1980.

Donald C. Tilliard was convicted, on his plea of guilty, of break-
ing and entering an unoccupied dwelling house with intent to
commit a larceny therein, Huron Circuit Court, M. Richard
Knoblock, J. Defendant appeals, alleging that there was an
insufficient factual basis to support his guilty plea and that he
should have been credited with time served in jail between
conviction and sentencing. He was jailed for that time because
of a detainer issued for possible parole violations stemming
from the breaking and entering. *Held:*

1. Upon questioning by the trial court the defendant repeat-
edly acknowledged his larcenous intent at the time of the
breaking and entering. There was a sufficient factual basis for
the plea.

2. In a case such as this, where the defendant's post-convic-
tion incarceration is for a different but related charge for which
there has not yet been a conviction, credit should be allowed if
the defendant can show a rational nexus between the confine-
ment and the offense for which he is being sentenced. Because
the substantive offense and the parole violations are inextrica-
bly related, the defendant should be credited with the time
served between conviction and sentencing.

Affirmed, and sentence modified.

1. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS FOR PLEA.

A defendant's plea of guilty may be accepted if the judge con-
cludes, from the defendant's recitation of the facts, that the
defendant could be convicted of the offense to which he is
pleading and that the defendant is knowingly and voluntarily
entering his plea.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486, 494.1.

[2] 21 Am Jur 2d, Criminal Law § 486.

[3] 21 Am Jur 2d, Criminal Law § 545.5.

Right to credit for time spent in custody prior to trial or sentence.
77 ALR3d 182.

2. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS FOR PLEA.

A factual basis exists for a plea of guilty where an inculpatory inference can be drawn from the defendant's statements even if an exculpatory inference can also be drawn from the statements.

3. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — RELATED OFFENSES — STATUTES.

The statute which allows a defendant in certain circumstances to be given credit for time served in jail prior to sentencing should be construed liberally but with regard for the statute's limited remedial intent; where the time spent in jail is for a different but related charge for which there has not yet been a conviction the credit should be allowed if the defendant can show a rational nexus between the confinement and the offense for which he faces sentencing (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Peter B. Capling,* Prosecuting Attorney (by *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Karl E. Krause,* for defendant on appeal.

Before: D. C. RILEY, P.J. and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

D. C. RILEY, P.J. Defendant was convicted, on his plea of guilty, of breaking and entering an unoccupied dwelling house with the intent to commit the crime of larceny therein, contrary to MCL 750.110; MSA 28.305. He was sentenced to 6 to 10 years with credit for 48 days already served and now appeals as of right.

Defendant first contends that there was an insufficient factual basis, under GCR 1963, 785.7(3), to support his breaking and entering plea. Specifically, he challenges the proof of his intent to commit larceny, an element that must exist at the

time of the breaking and entering. See *People v Kochan,* 55 Mich App 326, 329; 222 NW2d 317 (1974).

A judge may accept a plea if, after careful examination, he concludes, from the defendant's recitation of the facts, that he could be convicted and that the defendant is knowingly and voluntarily entering his plea. *People v Haack,* 396 Mich 367, 378; 240 NW2d 704 (1976). A factual basis exists if an inculpatory inference can be drawn from the defendant's statements even if an exculpatory inference can be drawn as well. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

In the present case, defendant initially denied his larcenous intent and then moments later admitted it. The judge properly pointed out this inconsistency to defendant and questioned him further about it. We believe that defendant's repeated acknowledgement of the requisite intent was sufficient to provide a valid factual basis for his plea.

Defendant was incarcerated for 48 days between the time of the crime and the date of arraignment. He was also in jail for 112 days between arraignment and sentencing. Defendant alleges that it was error for the trial judge to credit defendant for the former time served and not for the latter.

MCL 769.11b; MSA 28.1083(2) allows credit for presentence incarceration under certain circumstances:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

This statute should be construed liberally, *People v Stange,* 91 Mich App 596, 600; 283 NW2d 806 (1979), but with proper regard for its limited remedial intent. *People v Risher,* 78 Mich App 431, 433; 260 NW2d 121 (1977). There has been extensive disagreement about the statute's coverage, particularly the construction of the phrase "for the offense of which he is convicted". In some cases, the courts have passively credited defendants with presentence time served for both related or unrelated offenses. See *People v Donkers,* 70 Mich App 692, 695; 247 NW2d 330 (1976), *People v Lewis,* 42 Mich App 121; 201 NW2d 341 (1972), *People v Haines,* 24 Mich App 240; 180 NW2d 107 (1970). In other cases, such credit has been disallowed. See *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), *Risher, supra, People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977).

In cases like the instant one where the defendant seeks presentence credit for time served for a different but *related* offense, we believe that a middle approach should govern.[1] It is inappropriate to apply this analysis to post-conviction time served on a related offense as this is time a defendant is already obligated to serve. See *Patterson, supra,* 88-90. However, the approach may be utilized where a defendant seeks credit for time served on a related charge for which there has not yet been a conviction. See *Brinson v Genesee*

---

[1] In cases where there are unrelated offenses, such as armed robbery and false pretenses, it is inappropriate in sentencing to award credit on one charge for time served either prior to or following conviction on the other unrelated charge. *Cf., People v Donkers,* 70 Mich App 692; 247 NW2d 330 (1976), *People v Lewis,* 42 Mich App 121; 201 NW2d 341 (1972). We believe that ineligibility for credit in such instances is a proper construction of the credit statute's language and intent. *See People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977), *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977).

*Circuit Judge,* 403 Mich 676, 687; 272 NW2d 513 (1978).

To receive this credit, the imprisonment must "bear an intimate and substantial relationship to the crime for which such person is subsequently convicted". *People v Groeneveld,* 54 Mich App 424, 427-428; 221 NW2d 254 (1974). A defendant must prove a rational nexus between his prior confinement and the offense for which he now faces sentencing. *People v Face,* 88 Mich App 435, 439; 276 NW2d 916 (1979).

In the case *sub judice,* this interrelationship is readily apparent. Defendant received a personal recognizance bond for the present breaking and entering charge but was "unable to furnish bond" within the meaning of the statute because of a Michigan Department of Corrections detainer. This detainer, issued for possible parole violations stemming from the 112 days between arraignment and sentencing.

Since the substantive offense and the parole violations are inextricably related, we believe that defendant should be credited for the preparole-violation-conviction imprisonment. See *Face, supra.* We therefore amend defendant's sentence to credit him with the 112 days served prior to sentencing. GCR 1963, 820.1(7). See *People v Heath,* 80 Mich App 185, 189; 263 NW2d 58 (1977), *People v Lyles,* 76 Mich App 688, 691; 257 NW2d 220 (1977).

Affirmed as modified.