PEOPLE v NIETO

Docket No. 61339. Submitted September 14, 1982, at Detroit.—Decided November 30, 1982. Leave to appeal denied, 417 Mich 1052.

Defendant, Pete Nieto, pled guilty in the Lenawee Circuit Court to a charge of larceny in a building. After he pled guilty but before he was sentenced defendant was incarcerated on an unrelated Texas parole violation. At sentencing, the defendant requested that he be given credit for the time served on the parole violation charge. The trial court, Kenneth B. Glaser, Jr., J., denied the request and sentenced defendant to 32 to 48 months imprisonment with one day of credit. The defendant appeals. *Held:*

1. The statute regarding credit for time served by persons unable to furnish a bond entitles a defendant to credit for time served on an unrelated charge, therefore, the sentencing court should have given the defendant credit for the time served on the unrelated parole violation charge.

2. The statute's purpose, of freeing a defendant who exercises his right to trial but who cannot furnish a bond from serving more time than a defendant who pleads guilty soon after arraignment, is effectuated by granting credit for time served on an unrelated charge. Absent the statute, a defendant who is unable to furnish a bond would be encouraged to plead guilty and begin his sentence immediately. The statute is intended to eliminate this chilling effect on the exercise of the right to trial. The danger of this chilling effect is present where the defendant cannot furnish a bond and gain his release because he is incarcerated on an unrelated charge.

Remanded to the trial court to determine the number of days defendant spent confined on the parole violation charge prior to sentencing on his conviction for larceny in a building. After making such a determination the court shall amend defendant's sentence to be consistent with this opinion.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 548.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

1. Criminal Law — Sentencing — Credit for Time Served.

The statute regarding credit for time served prior to sentencing by a defendant who is unable to furnish a bond for the offense of which he is convicted entitles the defendant to credit for time served on an unrelated charge while awaiting such sentencing (MCL 769.11b; MSA 28.1083[2]).

2. Criminal Law — Sentencing — Credit for Time Served.

The statute regarding credit for time served prior to sentencing by a defendant who is unable to furnish a bond is intended to free a defendant who exercises his right to trial, but who cannot furnish a bond, from serving more time than a defendant who pleads guilty soon after arraignment, thus, eliminating a chilling effect on the exercise of the right to trial; such chilling effect is also present where the defendant cannot furnish a bond and gain his release because he is incarcerated on an unrelated charge, therefore, the statutory purpose is effectuated by granting credit for time served on an unrelated charge (MCL 769.11b; MSA 28.1083[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harvey A. Koselka,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *R. Steven Whalen),* for defendant on appeal.

Before: R. M. Maher, P.J., and N. J. Kaufman and Wahls, JJ.

Per Curiam. Defendant pled guilty to a charge of larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to 32 to 48 months imprisonment with one day of credit. After defendant pled guilty, but before he was sentenced, defendant was incarcerated on an unrelated Texas parole violation. At sentencing, the defendant requested that the trial court give him credit for time served on the parole violation charge. The court denied the request and defendant appealed.

The Michigan credit statute, MCL 769.11b; MSA 28.1083(2), provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

Defendant contends that the statute entitles him to receive credit for the time he served on the Texas parole violation charge even though it was unrelated to the offense for which he was sentenced. We must decide, therefore, whether the statute entitles a defendant to credit for time served on such an unrelated charge.

The panels of this Court have taken three positions on this question. The most strict approach allows credit only for time served on the charge for which the defendant is sentenced. See, *e.g.*, *People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977). The intermediate view allows credit for the defendant's confinement on a related offense. See, *e.g., People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980); *People v Face,* 88 Mich App 435; 276 NW2d 916 (1979); *People v Groenevel,* 54 Mich App 424; 221 NW2d 254 (1974), *lv den* 393 Mich 814 (1975). The most liberal view interprets the statute as entitling a defendant to credit for time served on an unrelated charge. *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981); *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973), *lv den* 391 Mich 833 (1974).

We feel that the liberal view is the better reasoned position. The purpose of the statute is to free a defendant who exercises his right to trial—

but who cannot furnish a bond—from serving more time than a defendant who pleads guilty soon after arraignment. *People v Coyle, supra; People v Chattaway,* 18 Mich App 538; 171 NW2d 801 (1969). Absent the statute, a defendant who is unable to furnish a bond would be encouraged to plead guilty and begin his sentence immediately. The statute is intended to eliminate this chilling effect on the exercise of the right to trial. *People v Coyle, supra; People v Chattaway, supra.* The danger of a chilling effect is present where the defendant cannot furnish a bond and gain his release because he is incarcerated on an unrelated charge. Therefore, the statutory purpose is effectuated by granting credit for time served on an unrelated charge. See *People v Coyle, supra,* p 650.

In the case at bar, the defendant was confined on an unrelated parole violation charge. The sentencing court should have given the defendant credit for time served on that charge when it sentenced defendant on his conviction for larceny in a building.

The case is remanded to the trial court to determine the number of days defendant spent confined on the parole violation charge prior to sentencing on this conviction for larceny in a building. After making such a determination, the court shall amend the defendant's sentence to be consistent with this opinion.