PEOPLE v WEST

Docket No. 45114. Submitted May 6, 1980, at Detroit.—Decided October 7, 1980.

Jesse West was convicted of armed robbery in the Recorder's Court of Detroit, George W. Crockett, Jr., J. The trial court entered an order delaying sentence for one year. Defendant quit reporting to his parole officer. Defendant was then convicted of assault in New York. While incarcerated there, defendant wrote to Recorder's Court requesting that his Michigan sentence run concurrently with his New York sentence. After serving his New York sentence, defendant was returned to Recorder's Court and sentenced, with credit only for time served here. Defendant appeals. *Held:*

A trial court has no power to delay the sentencing of a person convicted of armed robbery, one of the crimes for which probation is excepted by statute. An unauthorized delay in sentencing a defendant deprives the trial court of jurisdiction to sentence.

Sentence vacated.

1. CRIMINAL LAW — SENTENCES — CREDIT FOR TIME SERVED — STATUTES.

   The statute requiring credit for time spent in jail before sentencing is remedial and should be liberally construed to effectuate the salutary purpose sought to be achieved by the Legislature in its enactment (MCL 769.11b; MSA 28.1083[2]).

2. ROBBERY — ARMED ROBBERY — SENTENCES — PROBATION — STATUTES.

   A trial court has no power to delay the sentencing of a person convicted of armed robbery, one of the crimes for which probation is excepted by statute (MCL 771.1; MSA 28.1131).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 533.
   Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.
[2, 3] 21 Am Jur 2d, Criminal Law § 526.
   Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

3. CRIMINAL LAW — SENTENCES — DELAY IN SENTENCING.

An unauthorized delay in sentencing a defendant deprives the trial court of jurisdiction to sentence; a trial court cannot simply postpone sentencing and retain jurisdiction except in the most limited and unusual circumstances.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Millstein & Galici,* for defendant.

Before: BEASLEY, P.J., and M. F. CAVANAGH and W. A. PORTER,* JJ.

F. F. CAVANAGH, J. The defendant was charged, tried without a jury and convicted of armed robbery. MCL 750.529; MSA 28.797. The trial court elected to delay sentencing for one year, but defendant ceased to report to his parole officer within that time period, resulting in the issuance of a bench warrant. Approximately 1-1/2 years later defendant was sentenced from 3 to 6 years in the State of New York for first-degree assault. After serving a total of 1,125 days imprisonment in New York, defendant was returned to this state and sentenced to a term of 10 to 15 years on the robbery conviction, receiving credit for 119 days spent here in custody. We are now presented with his appeal of right.

While defendant was incarcerated in New York he wrote to the Michigan trial court where he was convicted requesting that his Michigan sentence run concurrently with his New York sentence. The trial court responded that defendant had not yet been sentenced, and, therefore, there was no sen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tence which could run concurrently with his term in New York. The trial court further indicated that it would be unlikely that defendant would be returned to Michigan for sentencing until after his New York sentence was completed, which circumstances obviated consideration of the issue of concurrent sentences.

Defendant now claims to be entitled to credit on his Michigan sentence for the 1,125 days that he spent in prison in New York. He bases this contention on MCL 769.11b; MSA 28.1083(2), which provides credit for time served in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which defendant is convicted. On more than one occasion this Court has held that this statute is to be given a liberal construction. *People v Havey*, 11 Mich App 69; 160 NW2d 629 (1968), *lv den* 381 Mich 756 (1968), *People v Groeneveld*, 54 Mich App 424; 221 NW2d 254 (1974), *lv den* 393 Mich 814 (1975).

The unique factor present in this case which distinguishes it from the others which involve the above statute is that the trial court delayed sentencing. Unfortunately, the trial court had no power to delay sentencing in this instance, since defendant was convicted of armed robbery, one of the crimes excepted by the probation statute, MCL 771.1; MSA 28.1131. Absent this mistake of the unauthorized imposition of a delayed sentence, we would be inclined to credit defendant with the time he spent in New York prisons. We would do so not on the basis of the statute allowing credit for jail time when bond is unavailable, MCL 769.11b; MSA 28.1083(2), but, rather, pursuant to the reasoning set forth in *People v Face*, 88 Mich App 435, 440-441; 276 NW2d 916 (1979). Here, too, the effect of the action of the trial court in sentencing defendant after the termination of his

New York sentence was to impose consecutive sentences upon him without explicit statutory authority to do so. It is a recognized policy in this state to favor concurrent sentences. *Browning v Michigan Dep't of Corrections,* 385 Mich 179, 189; 188 NW2d 552 (1971), *People v Gallagher,* 404 Mich 429, 439-440; 273 NW2d 440 (1979). When the trial court in this cause became apprised of the fact that defendant was incarcerated in New York, and, when later it was requested by defendant to impose concurrent sentences, it could have and should have taken the necessary steps to sentence defendant for his armed robbery conviction.

In *People v Turner,* 92 Mich App 485; 285 NW2d 340 (1979), a panel of this Court found that an unauthorized delay in sentencing the defendant served to deprive the trial court of jurisdiction to sentence. Even though that defendant had consented to all five adjournments which occasioned the delay, this Court held that, "[t]he trial court cannot simply postpone sentencing and retain jurisdiction, except in the most limited and unusual of circumstances". *Turner, supra,* 489. Far from consenting to delayed sentencing, the present defendant explicitly requested that he be sentenced while in prison in New York. Nor can the device used in one of the cases cited within *Turner, supra,* 488, be employed here, namely, to find that a sentencing court retains jurisdiction for a period of delay commensurate with the maximum applicable penalty. Armed robbery convictions are punishable by imprisonment for life or for any term of years. We are convinced that the circumstances present in this case are not "the most limited and unusual" ones which constitute an exception to *Turner's* pronouncement. Accordingly, while defendant's conviction for armed robbery stands, his sentence is vacated.