PEOPLE v BRACEY

Docket No. 58868. Submitted October 19, 1982, at Detroit.—Decided March 22, 1983.

Clifton D. Bracey was convicted of two counts of armed robbery following a bench trial in Recorder's Court of Detroit, Beverly Ann Jasper, J. The proofs showed that the robberies were committed shortly before midnight on July 18, 1980, by two young men on a gray or beige bicycle. During the investigation, a police officer, thinking that the robberies took place at 11:50 a.m. rather than 11:50 p.m., asked defendant what he was doing around noon on July 18, 1980. In the course of his reply, defendant stated that he had ridden to work that day on a gray ten-speed bicycle. Testimony relative to that statement was later admitted into evidence at the trial. On the date set for sentencing, March 3, 1981, defendant requested that sentencing be deferred until he finished high school the following June. The trial court instead sentenced him to three years probation under the Holmes Youthful Trainee Act. Two days later, the trial court set aside the sentence as being contrary to law and rescheduled the sentencing date until late June so that the defendant could finish high school. In June, defendant was sentenced to one to five years in prison. Defendant appeals. *Held:*

1. Testimony concerning the statement of defendant relative to having ridden on the day of the crimes a bicycle similar to that used in the crime was properly admitted into evidence. Since the testimony concerned defendant's own statement and was being admitted against him, the testimony as to the substance of the statement made by defendant was not hearsay. The statement was relevant in that defendant's admitted use of

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 600, 601.
[2] 29 Am Jur 2d, Evidence § 251.
[3] 21 Am Jur 2d, Criminal Law § 580.
[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 31.
[5-7] 21 Am Jur 2d, Criminal Law §§ 526, 546.
Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

a bicycle similar to the one used in the robberies on the day of the crimes tended to make it more probable that it was defendant who was involved in the robberies.

2. The trial court properly set aside the original sentence of probation under the Holmes Youthful Trainee Act, since the youthful trainee status under that act is available only where there has not been a criminal conviction.

3. A sentencing court may delay sentencing for a reasonable period for any proper purpose. Delaying sentencing for four months so that defendant could complete his high school education was proper, since the delay was for a reasonable period and the delay was for a proper purpose.

Affirmed.

1. EVIDENCE — HEARSAY — RELEVANCY.

Testimony concerning a party's own statement when offered against that party is not hearsay; however, to be admissible, such evidence must be relevant (MRE 402, 801[d][1]).

2. CRIMINAL LAW — EVIDENCE — RELEVANCY.

A statement by a criminal defendant that he rode to work on a bicycle similar to the bicycle used in a crime some 12 hours prior to the crime is relevant evidence, since it tends to make it more probable that the defendant was the one engaged in the criminal activity (MRE 401).

3. CRIMINAL LAW — SENTENCING — RESENTENCING.

A trial court may not set aside its original sentence and resentence a defendant unless the initial sentence is invalid.

4. CRIMINAL LAW — YOUTHFUL TRAINESS — SENTENCING.

Youthful trainee status under the Holmes Youthful Trainee Act is not available to a defendant who has been convicted of a crime; a sentence to probation as a youthful trainee following a conviction of a crime is void *ab initio* (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.).*

5. CRIMINAL LAW — SENTENCING — DELAY IN SENTENCING.

A delay in imposing sentence may bar a trial court from imposing sentence; however, not all such delays result in a loss of jurisdiction to impose sentence by the trial court.

6. CRIMINAL LAW — SENTENCING — DELAY IN SENTENCING — STATUTES.

The statute which permits a trial court to delay sentencing in cases involving probationable offenses does not, by its terms,

prohibit the postponing of imposition of sentence for nonprobationable offenses (MCL 771.1[2]; MSA 28.1131[2]).

7. CRIMINAL LAW — SENTENCING — DELAY IN SENTENCING.

A trial court has the power to defer the imposition of sentence for a reasonable period for any proper purpose; a trial court does not lose jurisdiction to impose sentence where sentencing on an armed robbery conviction is delayed four months so that the defendant may complete his high school education, since such a delay is reasonable and the perseverance evidenced by the defendant in completing his education is related to the likelihood that the defendant is a good candidate for rehabilitation and is thus a candidate for a shorter sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John Scavone,* Assistant Prosecuting Attorney, for the people.

*Bolden & Blake, P.C.* (by *Benjamin F. Blake),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. After a bench trial, defendant was convicted on two counts of armed robbery, MCL 750.529; MSA 28.797. Sentenced to one to five years imprisonment, defendant appeals by right.

Shortly before midnight on July 18, 1980, two women were accosted on the street by the defendant and another young man. The men were riding a gray or beige bicycle; the defendant sat on the seat, the other rode on the handlebars carrying what appeared to be a sawed-off shotgun. After robbing the women, the men ordered their victims to walk away and fled.

The women later saw their assailants on the street and called the police. After he was arrested,

defendant was taken to the police station where he was interviewed by Officer Terry Ford. Using a carbon copy of a preliminary complaint drafted by another officer to prepare his questions, Officer Ford misread the report to say that the crimes had occurred at 11:50 in the morning. As a result, Officer Ford asked defendant what he was doing around noon on July 18, 1980. In the course of his reply, defendant said that he had ridden to work that day on a gray ten-speed bicycle. Testimony concerning this statement of defendant was subsequently admitted into evidence at the trial.

On February 23, 1981, defendant was convicted of two counts of armed robbery. Sentencing was set for March 3, 1981. On that day, defendant requested to have sentencing deferred until he finished high school the following June. Instead, the court sentenced him to three years probation under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.* Two days later this sentence was set aside as contrary to law. The sentencing date was continued until June 22, 1981, so that defendant could complete high school. Neither defendant nor his counsel was present in court on that date, and sentencing was adjourned for three days. Finally, on June 25, 1981, defendant was sentenced to from one to five years imprisonment.

Defendant advances two reasons for reversing his conviction. He argues first that his statement to Officer Ford that on the day of the robberies he had ridden to work on a gray ten-speed racing bicycle was inadmissible hearsay. A party's own statement when offered against him is not hearsay. MRE 801(d)(2). Defendant's statement is, therefore, not hearsay. To be admissible, however, evidence must be relevant. MRE 402. Because

Officer Ford misunderstood the time of the offenses, defendant argues, defendant's statement was not relevant. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 401. Defendant's statement that he rode to work on a gray ten-speed bicycle was relevant because the robber rode a similar bicycle. Consequently, his statement tended to make it more probable that he was the robber on the gray ten-speed bicycle. It is unimportant that Officer Ford misunderstood the time of the offense. Even under such a misapprehension, the officer succeeded in eliciting relevant evidence.

Defendant also argues that Officer Ford's testimony suggested to the trial court that the defendant did not deny committing the offenses in violation of *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). The record, however, simply does not support defendant's contention.

Defendant next argues that his sentence should be vacated. First, he maintains that the trial court had no power to set aside his sentence to probation as a youthful trainee and impose a new sentence. A trial court may not set aside its original sentence and resentence a defendant unless the initial sentence was invalid. *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981). Both parties agree that the trial court had no authority to sentence defendant under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.* The act applies to "a youth * * * alleged to have committed a criminal offense". Consequently, a youth who has been convicted of a crime is no longer eligible for treatment under the act because the offense is no longer merely "alleged". See *People v Bandy,*

35 Mich App 53; 192 NW2d 115 (1971), *lv den* 386 Mich 753 (1971); *People v Ridner,* 88 Mich App 249; 276 NW2d 575 (1979). The trial court, therefore, had no power to sentence defendant to probation pursuant to the act. The sentence was void *ab initio.* Accordingly, the trial court had authority to resentence defendant. *People v Whalen, supra.*

Second, defendant asserts that the delay in his sentencing deprived the trial court of jurisdiction to sentence him on June 25, 1981. A delay in sentencing may bar a trial court from imposing sentence. *People v Kennedy,* 58 Mich 372; 25 NW 318 (1885); *People v Turner,* 92 Mich App 485; 285 NW2d 340 (1979); *People v West,* 100 Mich App 498; 299 NW2d 59 (1980). No all delays, however, produce such a result. *People v Reilly,* 53 Mich 260; 18 NW 849 (1884); *People v Jagosz,* 253 Mich 290; 235 NW 160 (1931); *People v McLott,* 70 Mich App 524; 245 NW2d 814 (1976). Indeed, Michigan's probation statute allows sentencing to be postponed for one year:

"[I]n an action in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order stating the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period." MCL 771.1(2); MSA 28.1131(2).

The statute has been interpreted to authorize a delay in sentencing of no more than one year

"except in the most limited and unusual of circumstances". *People v Turner, supra,* p 489.

Citing *People v West, supra,* the defendant interprets the probation statute to prohibit all sentencing delays for offenders who have committed nonprobationable crimes such as armed robbery, defendant's offense. The probation statute, defendant contends, provides the trial court with its only authority to delay sentencing. Because that authority is limited to delaying sentencing for probationable offenses, the defendant concludes that the trial court has no power to postpone sentencing for nonprobationable offenses.

We disagree with defendant's interpretation of the probation statute. We, instead, hold that, while the statute permits a court to delay sentencing for probationable offenses, it does not forbid postponing sentencing for nonprobationable crimes.

The critical langauge that we must interpret is as follows: "[I]n an action in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period not to exceed 1 year * * *." We begin by viewing this language from the plain meaning of the words in light of the statute's purpose. See *General Motors Corp v Erves,* 399 Mich 241, 253; 249 NW2d 41 (1976). The above-quoted provision is found in MCL 771.1; MSA 28.1131, which establishes rules governing a defendant's eligibility and suitability for probation. Subsection (1) of that statute specifies the offenses for which a defendant may be sentenced to probation. Subsection (3) of the statute authorizes the court to impose life probation for certain offenses. The provision we must construe, subsection (2), must also be read as a probation provision. Its purpose is to encourage informed probation decisions. The provision furthers

this purpose by authorizing a sentencing delay of no more than one year "for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant". Construing the statute to authorize delaying the sentencing of offenders eligible for probation furthers the statute's purpose of encouraging informed probation decisions. However, to read the statute to prohibit sentencing postponements for offenders not eligible for probation does not contribute to the statutory goal. In fact, this proffered prohibition is completely unrelated to the trial court's ability to make accurate probation dispositions.[1] Accordingly, we decline to interpret the statute in this fashion. We conclude, therefore, that the probation statute permits a court to delay sentencing for probationable offenses but does not prohibit postponing sentencing for nonprobationable crimes.

Under our reading, the probation statute does not dispose of a claim that a trial court improperly delayed sentencing for a nonprobationable offense. We are guided, however, by the case law covering sentencing delays in general. At the outset, we note that defendant's request for the delay is not dispositive. As the Court said in *People v Turner, supra,* p 489:

"Waiver of the right to be sentenced by consenting to a delay is meaningless. Such a consent is inherently unsound since a defendant, as a practical matter, will always opt for freedom. Furthermore, the question of retention or loss of jurisdiction should not depend solely on the consent or waiver of the defendant."

[1] A prohibition on postponing the sentencing of probation-ineligible offenders may function to place these defendants behind bars swiftly. The purpose of the probation statute, however, is not to expedite the incarceration of offenders ineligible for probation.

Regardless of the defendant's consent, the same standard applies. Perhaps the best statement of this standard is found in *People v Kennedy, supra,* p 376:

"[A] court has power to defer sentence for a *reasonable period for any proper purpose,* such as allowing time for defendant to make a motion for a new trial or take exceptions to the [appellate court], or for the * * * judge to inform himself relative to the proper sentence to pass upon the defendant." (Emphasis supplied.)

In the case at bar, the trial court deferred the defendant's sentencing so that he could finish high school, resulting in a four-month delay. We find that sentencing was delayed for a proper purpose. A defendant who shows the perseverance necessary to complete high school is a likely candidate for rehabilitation and is unlikely to benefit from extended incarceration. Thus, a trial court may want a defendant to have an opportunity to demonstrate such persistence before passing sentence. Moreover, allowing the defendant four months to prove his commitment to his education is reasonable. Consequently, we hold that the trial court delayed the defendant's sentence for a reasonable period and for a proper purpose. The trial court had not lost jurisdiction to sentence the defendant when it pronounced sentence on June 25, 1981.

Affirmed.