PEOPLE v CANNON

Docket No. 81306. Submitted July 3, 1985, at Lansing.—Decided August 19, 1985.

> Defendant, Todd A. Cannon, pled no contest to a charge of breaking and entering an occupied building with intent to commit the crime of larceny, Shiawassee Circuit Court. The plea was offered as part of an agreement which incorporated a recommendation by the prosecutor to the court that sentencing be delayed, that the case be dismissed if the defendant abided by any terms or conditions imposed by the court, and that no additional charges be brought against the defendant on the basis of information provided by an accomplice. The court accepted the plea and told the defendant that if the court could not follow the prosecutor's recommendation the defendant would be given an opportunity to withdraw his plea and advised the defendant that a delayed sentence could encompass, as a condition, time in the county jail. On the date set for sentencing, defendant moved to withdraw the plea. Defense counsel stated to the court that he had advised his client that under the appropriate statutes a delayed sentence could not include county jail time as a condition or requirement. Counsel indicated that defendant also wished to assert his innocence. The court, Peter J. Marutiak, J., denied the motion to withdraw the plea and delayed sentencing for one year subject to conditions. One of the conditions was that the defendant serve 45 days in the county jail. Defendant appealed. *Held:*
>
> The trial court erred in denying defendant's motion to withdraw his plea. The motion was not frivolous since jail time may not be imposed as a condition of delayed sentencing and defendant wished to assert his innocence.
>
> Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law §§ 500 *et seq.*
 See the annotations in the ALR3d/4th Quick Index under topic Guilty Plea.
[2, 3] Am Jur 2d, Criminal Law §§ 525 *et seq.*
 Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

1. CRIMINAL LAW — GUILTY PLEAS — MOTION TO WITHDRAW.

> A presentence motion to withdraw a plea of guilty, when not obviously frivolous and accompanied by an assertion of innocence, should be considered with great liberality.

2. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

> Jail time may not be imposed as a condition of delayed sentencing (MCL 771.1[2]; MSA 28.1131[2]).

3. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

> A delayed sentence may be conditioned upon requirements which are reasonably well designed to assist the court in determining whether or not the defendant will be eligible for probation when the term of delay ends (MCL 771.1[2]; MSA 28.1131[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David E. McClernan,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*John L. Wildeboer,* for defendant on appeal.

Before: SHEPHERD, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant, Todd Alan Cannon, pled no contest to a charge of breaking and entering an occupied building with intent to commit the crime of larceny, MCL 750.110; MSA 28.305. The plea was offered as part of an agreement which incorporated a recommendation by the prosecutor to the trial judge that sentencing be delayed and that the case be dismissed if the defendant abided by any terms or conditions imposed by the court. In addition, the agreement incorporated an understanding that no additional charges would be brought against the defendant on the basis of information provided by an accomplice. The trial court accepted the plea and told the defendant that if the court could not follow the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prosecutor's recommendation the defendant would be given an opportunity to withdraw his plea. The trial court further advised the defendant that a delayed sentence could encompass, as a condition, time in the county jail.

On the date set for sentencing, the defendant moved to withdraw the plea. Defense counsel stated to the court that he had advised his client that under the appropriate statutes a delayed sentence could not include county jail time as a condition or requirement. Counsel indicated that defendant also wished to assert his innocence. The trial judge denied the motion to withdraw the plea and delayed sentencing for one year subject to the five conditions: the defendant not violate the laws of this state, the defendant pay assessed court costs, the defendant not associate with his accomplice or any other known felon, the defendant pay restitution following a formal restitution hearing to be scheduled by the prosecutor, and the defendant serve 45 days in the county jail.

The dispositive issue before us is whether the trial judge erred in denying the defendant's presentence motion to withdraw his plea of no contest. We find the trial court did so err and, therefore, vacate the delayed sentence order, reverse the defendant's conviction and remand for trial.

A presentence motion to withdraw a plea of guilty, when not obviously frivolous and accompanied by an assertion of innocence, should be considered with great liberality. *People v Paulus,* 121 Mich App 445, 450; 328 NW2d 659 (1982), *vacated on other grounds* 417 Mich 1100.15 (1983). In the present case, defendant's motion was made prior to sentencing and was accompanied by an assertion of innocence. The motion was based upon defense counsel's unrebutted representation that he had advised the defendant that jail time could

not be a condition of a delayed sentence. Defense counsel's offer to place the defendant on the stand to support that assertion was denied by the trial court. The record clearly shows that the trial court accepted the truth of defense counsel's representation and yet denied the motion to withdraw the plea. Since we are persuaded that jail time cannot be imposed as a condition of a delayed sentence, the defendant's reason for wishing to withdraw his plea was not obviously frivolous.

The statute that authorizes the imposition of a delayed sentence is MCL 771.1(2); MSA 28.1131(2), which provides:

> "[I]n an action in which the court may place the defendant on probation, the court may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order stating the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period."

The purpose of a delayed sentence is to give the defendant an opportunity to satisfy the trial court that he or she can fairly be placed on probation instead of sentenced to prison. In *People v Clyne*, 36 Mich App 152, 155; 193 NW2d 399 (1971), this Court held that a delayed sentence could be conditioned upon requirements which "were reasonably well designed to assist the court in determining whether or not [a defendant] would be eligible for probation when the [delayed sentence term] ended". In determining whether or not a defen-

dant can successfully complete a term of probation, the trial court may quite properly impose conditions for a delayed sentence that would be similar in most respects to those associated with the probationary term itself. Therefore, in the present case, the trial court could reasonably require that as a condition of the delayed sentence the defendant not violate any further laws, pay court costs, not associate with known felons and pay restitution. Compliance with each of those conditions of the delayed sentence would increase the likelihood that the defendant would comply with similar or additional conditions as part of probation. However, the court also required that the defendant spend 45 days in jail. There is nothing about the ability to remain in jail for 45 days that is of assistance to a trial judge in determining whether or not a defendant should be placed on probation. That is so because spending time in jail does not reflect upon either the willingness or the ability of the defendant to voluntarily comply with terms of a probation order. A defendant in jail simply has no choice and his or her "success" at serving a term in jail is not related in any fashion to his or her ability to comply with the requirements of an order of probation. Therefore, simple incarceration in a county jail cannot be a valid condition of a delayed sentence.

We are quick to distinguish such incarceration from involuntary participation in an in-patient substance abuse program. Obviously, a trial court could delay a sentence and require as a condition that the defendant participate in a resident substance abuse program since success in such a program could be directly related to success on probation. Cf. *People v Stange,* 91 Mich App 596; 283 NW2d 806 (1979).

We also recognize that in the present case the trial court had advised the defendant at the plea-taking that jail time was a possible condition of a delayed sentence. We are of the opinion that such a statement does not expand the authority of the trial judge and does not authorize the imposition of conditions that are otherwise not permitted by the appropriate statue.

The defendant's conviction is reversed, the order delaying sentence is vacated, and this case is remanded to the trial court for trial.