PEOPLE v SAENZ

Docket No. 100984. Submitted September 8, 1988, at Lansing. Decided
December 5, 1988.

Richard A. Saenz pled guilty in the Washtenaw Circuit Court to
attempted obtaining by false pretenses property over the value
of $100 and to being an habitual offender, third offense. At a
sentencing hearing, the trial court, Patrick J. Conlin, J., gave
defendant a choice of an immediate sentence of six years, eight
months to ten years imprisonment or to delay sentencing for
one year subject to the following conditions: (1) that the defen-
dant spend the one year in jail; (2) that defendant not use a
telephone during the period of delayed sentence; (3) that defen-
dant attend weekly sessions with a psychiatrist and pay for
both the psychiatrist and the transportation to and from jail;
and (4) that defendant serve three years, four months to ten
years imprisonment at the end of the one-year jail term.
Defendant chose the delayed sentence. The prosecutor then
moved for resentencing arguing that the delayed sentence was
invalid because it required jail incarceration. The court ruled
that the delayed sentence was invalid, vacated the delayed
sentence, sentenced defendant on the underlying false pre-
tenses conviction, and then vacated that sentence and sen-
tenced defendant as an habitual offender, third offense, to six
years, eight months to ten years imprisonment. Defendant
appealed seeking reinstatement of the original delayed sen-
tence.

The Court of Appeals *held:*

The trial court properly found that the original sentence was
invalid. A jail term is not a valid condition of a delay. The
original sentence of jail to be followed by a prison term was not
authorized by statute. Because the original sentence was in-
valid, the court had authority to resentence the defendant.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 557 *et seq.*

Inherent power of court to suspend for indefinite period execution
of sentence in whole or in part. 73 ALR3d 474.

1. CRIMINAL LAW — DELAYED SENTENCING.

    Reasonable conditions may be imposed in an order delaying the imposition of a defendant's sentence if the delay will give the defendant an opportunity to prove his eligibility for probation or leniency; a jail term is not a valid condition of a delay (MCL 771.1[2]; MSA 28.1131[2]).

2. CRIMINAL LAW — INVALID SENTENCES — RESENTENCING.

    A trial court has authority to resentence a defendant where the original sentence imposed by the court is invalid.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

*Don Ferris,* for defendant.

Before: CYNAR, P.J., and SHEPHERD and DOCTOROFF, JJ.

SHEPHERD, J. Defendant pled guilty to attempted obtaining by false pretenses property over the value of $100, MCL 750.218; MSA 28.415; MCL 750.92; MSA 28.287, and to being an habitual offender, third offense, MCL 769.11; MSA 28.1083. The factual basis of the plea was defendant's admission that he phoned the victim on more than one occasion, identified himself as a woman who became pregnant as a result of an affair with the victim's husband, and asked the victim for money to pay for an abortion. Defendant's prior two convictions underlying his habitual offender plea were for unarmed robbery and breaking and entering of a vehicle. Defendant appeals as of right from his sentence of six years, eight months to ten years imprisonment. We affirm.

At the April 23, 1987, sentencing hearing, the court gave defendant a choice of an immediate sentence of six years, eight months· to ten years

imprisonment or to delay sentencing for one year subject to the following conditions: (1) that defendant spend the one year in jail; (2) that defendant not use a telephone during the period of "delayed sentence"; (3) that defendant attend weekly sessions with a psychiatrist and pay for both the psychiatrist and the transportation to and from jail; and (4) that defendant serve three years, four months to ten years imprisonment at the end of the one-year jail term. Defendant chose the delayed sentence.

One week later, the prosecutor moved for resentencing arguing that the "delayed sentence" was invalid under *People v Cannon,* 145 Mich App 100; 377 NW2d 354 (1985), because it required jail incarceration. Defendant opposed the motion on the basis that *People v Bracey,* 124 Mich App 401; 335 NW2d 49 (1983), holds that a court can delay sentencing for a proper purpose without losing jurisdiction to sentence the defendant. The court ruled that the delayed sentence was invalid under *Cannon,* vacated the delayed sentence, sentenced defendant on the underlying attempted false pretenses conviction, and then vacated that sentence and sentenced defendant as an habitual (third) offender to six years, eight months to ten years imprisonment. On appeal, defendant seeks reinstatement of the original delayed sentence onthe basis that it was valid.

Having reviewed the record, we agree with the court's ruling that the original sentence was invalid. Defendant's reliance on *Bracey* is misplaced since the concern in *Bracey* was whether a sentencing court had authority to delay sentencing for a nonprobational offense. *Bracey's* holding that the court could delay sentencing was premised on case law that developed a general rule that a court can delay sentencing for a reasonable period for any

proper purpose without losing jurisdiction to sentence the defendant. *Bracey, supra,* pp 408-409. Where, as here, the offense is a probational offense, the case law on sentencing delays has been "codified" in MCL 771.1; MSA 28.1131. *People v Turner,* 92 Mich App 485, 488; 285 NW2d 340 (1979), and see *Bracey, supra,* holding that the enactment of this statute expressly authorizing a delayed sentence for probational offenses did not prohibit postponing sentencing for nonprobational offenses.

The instant offense was a probational offense and, thus, the statutory requirements apply. The statute states:

Except as provided in subsection (3) [life probation], in an action in which the court may place the defendant on probation, the court may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order stating the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period. [MCL 771.1(2); MSA 28.1131(2).]

The prosecution relies on *Cannon, supra,* for its claim that the sentence was invalid. The *Cannon* Court held that a jail term is not a valid condition of the delayed sentence because the purpose of a delayed sentence is to give defendant an opportunity to satisfy the court that he or she can fairly be placed on probation, rather than sentenced to prison, and the jail term is not related to this

purpose. We believe that the *Cannon* Court's view of the statute was too limited in scope since the statute also authorized a delay to give the defendant an opportunity to prove his eligibility for "other leniency compatible with the ends of justice and the rehabilitation of the defendant." However, we agree with *Cannon* to the extent that it holds that a jail term is not a valid condition of a delay.

A delay in sentencing is just that. It means that the court will impose the sentence after a period of time based on facts then known to the court. Calling a sentence a "delayed sentence" does not make it one. The court's options at the sentencing hearing are to impose the sentence or to enter an order delaying the imposition of any part of the sentence for reasons stated in the order.

Reasonable conditions may be imposed for the delay if they will give the defendant an opportunity to prove his or her eligibility for probation or leniency. Requiring that defendant obtain psychiatric treatment, in a proper case, may be a valid condition. Nevertheless, jail incarceration cannot be a valid condition because it is the precise type of punishment authorized by the Legislature for the offense. The sentence here was complicated by the fact that the court, in effect, required defendant to serve both a jail and prison term. Neither the attempt statute underlying defendant's conviction, MCL 750.92; MSA 28.287, nor the probation statute, MCL 771.3(2); MSA 28.1133(2), authorizes this type of sentence. The three sentencing options are jail, state prison, or probation with up to one year in jail.

For these reasons, we hold the sentence labeled as "delayed" at the original sentencing hearing was invalid inasmuch as an order requiring incarceration is not a delay and the incarceration required, jail to be followed by a prison term, is not

authorized. Because the original sentence was invalid, the court had authority to resentence defendant. *People v Whalen,* 412 Mich 166, 169; 312 NW2d 638 (1981). Accordingly, and because defendant raises no other issue concerning his sentence, we affirm defendant's sentence.

Affirmed.