NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0619n.06

No. 16-1989

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 08, 2017
DEBORAH S. HUNT, Clerk

WILLIAM E. SNETHKAMP, III,

    Petitioner-Appellant,

v.

SHAWN BREWER, Warden,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: MOORE, WHITE and DONALD, Circuit Judges.

HELENE N. WHITE, Circuit Judge.

Petitioner William Edward Snethkamp III, a Michigan prisoner, appeals the district court's summary denial of his petition for a writ of habeas corpus. He argues that Michigan's delayed sentencing statute, Michigan Compiled Laws § 771.1, is unconstitutionally vague with respect to the scoring of prior record variables. We disagree and affirm.

## I. Background

On April 29, 2013, Snethkamp pleaded guilty in the Circuit Court for the County of Emmet, Michigan, to manufacturing methamphetamine in violation of Mich. Comp. Laws § 333.7401(2)(b)(ii), a felony. The Michigan Department of Corrections prepared a pre-sentence investigation report (PSIR)[1] in which prior record variable seven (PRV 7), which reflects a defendant's "subsequent or concurrent felony convictions," was given a score of zero. *See* Mich.

---

[1] "Before the court sentences a person charged with a felony . . . the probation officer shall inquire into the antecedents, character, and circumstances of the person, and shall report in writing to the court." Mich. Comp. Laws § 771.14(1).

Comp. Laws § 777.57(1). A defendant receives a score of zero when he has been convicted of no subsequent or concurrent felonies, ten points for one such felony, and twenty points for two or more. *Id.* § 777.57(1)(a)-(c). Snethkamp had two felony charges pending in Livingston County, which did not affect his PRV 7 score because they had not yet resulted in convictions. The score of zero resulted in a minimum sentencing range of twelve to twenty months. At a hearing on July 18, 2013, Snethkamp argued for probation or, alternatively, a delayed sentence; the prosecution argued for an immediate prison sentence and an upward departure from the guidelines. The trial court entered an order delaying Snethkamp's sentencing, pursuant to Mich. Comp. Laws § 771.1. The court imposed conditions, including that Snethkamp maintain sobriety and complete a drug-treatment program.

On August 23, 2013, Snethkamp pleaded guilty to two felony charges in Livingston County, pertaining to crimes committed in January 2012, about nine months before his arrest for the Emmet county offense. Snethkamp was sentenced for the Livingston County felonies on September 20, 2013. On October 11, 2013, the prosecution in the Emmet County case moved for sentencing based on the new convictions, but the trial court denied the motion. Snethkamp otherwise complied with the terms of the delay of his Emmet County sentence.

On June 24, 2014, at the end of the sentencing delay, the trial court held a sentencing hearing. In advance of the sentencing hearing, the Michigan Department of Corrections submitted an updated report in which Snethkamp's PRV 7 was re-scored from zero to twenty, to reflect the two Livingston County felony convictions. The trial court accepted the re-scoring, which resulted in a sentencing guideline range of thirty-six to sixty months. However, the court departed downward from the new sentencing guidelines range and sentenced Snethkamp consistent with the earlier-scored guidelines to a twelve-month term of incarceration, of which

six months were to be served immediately in county jail and six months held in abeyance, followed by a term of probation of thirty-six months.

On September 12, 2014, Snethkamp was arrested for possession of a controlled substance while on work release. He pleaded guilty of violating probation and on June 16, 2015, his probation was revoked and he was resentenced to a minimum of three years and a maximum of twenty years in prison.[2] The sentence was upheld on appeal. *People v. Snethkamp*, No. 328183 (Mich. Ct. App. Aug. 27, 2015); *appeal denied*, 876 N.W.2d 561 (Mich. 2016) (Mem.).

Snethkamp filed a petition for a writ of habeas corpus challenging his June 16, 2015 sentence. He made two arguments. First, he argued that Mich. Comp. Laws § 771.1 violates due process and equal protection because it "does not specifically demand when the sentencing PRV's [sic] are to be scored."[3] (R. 1, PID 33.) He reasoned that the sentencing guidelines minimum sentence range is binding on a trial court unless it articulates substantial and compelling reasons for a departure.[4] The guidelines instruct that PRVs are to be scored pursuant to part five of the chapter. Mich. Comp. Laws § 777.21(1)(b). Pursuant to that part, PRV 7 is determined in relevant part as follows:

> (1) Prior record variable 7 is subsequent or concurrent felony convictions. Score prior record variable 7 by determining which of the following apply and by

---

[2] Michigan has indeterminate sentencing; generally, the minimum is the controlling sentence and the maximum is fixed by statute.

[3] In passing, he argued that he was improperly resentenced after a valid sentence had been imposed. (R. 1, PID 33.) But "[a] delay in sentencing is just that. It means that the court will impose the sentence after a period of time based on facts then known to the court." *People v. Saenz*, 433 N.W.2d 861, 863 (Mich. Ct. App. 1988).

[4] Shortly after Snethkamp was sentenced, this changed. In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), *cert. denied sub nom. Michigan v. Lockridge*, 136 S. Ct. 590 (July 29, 2015), the Michigan Supreme Court severed and struck the portions of the sentencing guidelines that rendered them mandatory and that required the trial judge to justify departures. *Id.* at 520–21; *see also People v. Steanhouse*, No. 152671, 2017 WL 3137553, at *7 (Mich. July 24, 2017).

assigning the number of points attributable to the one that has the highest number of points:

(a) The offender has 2 or more subsequent or concurrent convictions . . . 20 points

(b) The offender has 1 subsequent or concurrent conviction . . . 10 points

(c) The offender has no subsequent or concurrent convictions . . . 0 points

(2) All of the following apply to scoring record variable 7:

(a) Score the appropriate point value if the offender was convicted of multiple felony counts or *was convicted of a felony after the sentencing offense was committed.*

Mich. Comp. Laws § 777.57 (emphasis added). The delayed sentencing statute, however, provides no guidance on when this scoring is to take place. It simply provides:

> In an action in which the court may place the defendant on probation, the court may delay sentencing the defendant for not more than 1 year to give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the defendant's rehabilitation, such as participation in a drug treatment court . . . . When sentencing is delayed, the court shall enter an order stating the reason for the delay upon the court's records. The delay in passing sentence does not deprive the court of jurisdiction to sentence the defendant at any time during the period of delay.

Mich. Comp. Laws § 771.1(2). Snethkamp argued that because the delayed sentencing statute leaves it unclear whether PRVs are to be scored at the initial sentencing hearing (the hearing at which sentencing is formally delayed) or after the delay when the defendant is actually sentenced, it is unconstitutionally vague.

Second, Snethkamp argued that his interest in "finality" requires that his PRVs be scored at the initial sentencing hearing and "locked into place," regardless whether the court issues a sentence at that hearing or delays sentencing.[5] (R. 1, PID 20.) He argued that the "trial court should not be able to increase a [PRV] score, particularly [PRV] 7 under MCL 777.57, for a 'subsequent' conviction for an offense that was committed before the offense that is the subject

_____

[5] Snethkamp also argued that a defendant may not be re-sentenced after having been fully sentenced. However, a delay in sentencing is not a sentence. *People v. Saenz*, 433 N.W.2d 861, 863 (Mich. Ct. App. 1988)

of the delayed sentence" and that "[t]his allows vindictive prosecutors numerous bites at the sentencing apple to attempt to gain favorable sentences." (R. 1, PID 20-21.) He argued that "the current interpretation of the delayed sentencing statute and the prior record variable statute violates Due Process Rights, by allowing an invitation of gamesmanship for both the prosecution and the defense," (R. 1, PID 25.) and that "subsequent . . . conviction" should instead be read to mean conviction for an offense that was *committed* subsequent to the sentencing offense, rather than an offense for which the defendant was subsequently convicted. (R. 1, PID 21-22.) He acknowledged that the Michigan Sentencing Guidelines Manual takes the latter approach, defining "subsequent conviction" as "[a] conviction that was entered on the offender's criminal record after the commission date of the sentencing offense and is unrelated to the conduct from which the sentencing offense arose." MICH. SENTENCING GUIDELINES MANUAL 17, *available at* https://mjieducation.mi.gov/documents/sgm-files/94-sgm/file. He pointed out, however, that the guidelines explicitly state that the statute controls in the event of any conflict, *id.* at 2, and argued that the guiding interpretation of the statute should be that found in *People v. Tolbert*, No. 288017, 2010 WL 539853 (Mich. Ct. App. Feb. 16, 2010) (per curiam), an unpublished opinion in which the court stated that Mich. Comp. Laws § 777.57 "provides fair notice of the conduct proscribed, namely, the *commission* of additional felonies concurrent to or subsequent to the sentencing offense." *Id.* at *7. (emphasis added.) He argued that this interpretation would prevent gamesmanship and comport with the rule of lenity.

The district court summarily dismissed Snethkamp's petition as a state-law challenge and denied a certificate of appealability (COA). *Snethkamp v. Brewer*, No. 2:16-CV-12116, 2016 WL 3269559, at *2-3 (E.D. Mich. June 15, 2016); *see Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991) (reemphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Although Snethkamp's habeas petition argued questions of state law, it also challenged "the delayed sentencing statute itself as unconstitutionally vague, arguing that it creates ambiguity and encourages gamesmanship." COA Order 3. This court granted Snethkamp's motion for a COA as to the void-for-vagueness claim and denied it as to his other claims. COA Order 3.

## II. Discussion

On appeal, Snethkamp argues that Mich. Comp. Laws § 771.1 is unconstitutionally vague, violates his right to finality, and has impermissible collateral consequences. Only the first issue is properly before us under the COA.

In appeals of federal habeas corpus proceedings, this court reviews the district court's legal conclusions de novo and its factual findings under a "clearly erroneous" standard. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). The parties dispute whether Snethkamp exhausted his vagueness challenge by sufficiently "federalizing" it in his state appeal. Because his claim fails in any event, we will assume arguendo that it was exhausted.

### A. Vagueness

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that sentencing statutes are subject to due process void-for-vagueness challenges. *Id.* at 2560. Accordingly, Respondent's argument that Mich. Comp. Laws § 771.1 is not subject to a void-for-vagueness challenge because it does not proscribe conduct is unavailing. Further, because Michigan's sentencing guidelines were mandatory until shortly after Snethkamp received the sentence he now serves, *People v. Lockridge*, 870 N.W.2d 502, 520 (Mich. 2015), *cert. denied*

*sub nom. Michigan v. Lockridge*, 136 S. Ct. 590 (2015), the Supreme Court's determination in *Beckles v. United States*, 137 S. Ct. 886, 894 (2017), that *non*-mandatory sentencing guidelines are not subject to void-for-vagueness challenges does not preclude Snethkamp's challenge.

As in the district court, Snethkamp argues that Mich. Comp. Laws § 771.1 is unconstitutionally vague because it does not prescribe a specific point in time when a defendant's PRVs must be scored. He asserts that the absence of a prescribed time for scoring invites gamesmanship, and that scoring should be "locked into place" at the initial time set for sentencing, which would prevent prosecutorial abuses. (Appellant Br. 34, 38-39.) He again argues that the Michigan Sentencing Guidelines Manual's definition of "subsequent conviction" as a conviction that was entered on the offender's criminal record after the commission date of the sentencing offense must yield to the statute, and that the *Tolbert* court's interpretation that the statute refers to subsequently committed crimes should govern. (Appellant Br. 35.)

We first address Snethkamp's arguments regarding the interpretation and intent of PRV 7. The interpretation of Mich. Comp. Laws §§ 777.57 (PRV 7) and 771.1, and the interaction between them, is a matter for the Michigan courts, and to the extent Snethkamp makes arguments in favor of a different interpretation of the statutes, the district court correctly dismissed these claims as presenting questions of state law. We must read Mich. Comp. Laws § 777.57(2) as the Michigan courts read it—as applying when the conviction of the subsequent offense occurs after the conviction offense was committed—not, as Snethkamp argues, as applying only when the defendant is convicted of a felony that occurred after the sentencing offense was committed.[6]

---

[6] Snethkamp's reliance on *Tolbert* is misplaced. *Tolbert* uses language that supports Snethkamp's position, but the language was not directed to the issue Snethkamp uses it for. The

Section 771.1 is not rendered vague when coupled with PRV 7. Under Mich. Comp. Laws §§ 777.21(1)(b) and 777.57, PRV 7 is scored based on "subsequent or concurrent felony *convictions*." Mich. Comp. Laws § 777.57 (emphasis added). Accordingly, the language of the statute adequately conveys that PRV 7 is scored based on the date of conviction of the "subsequent" offenses, not the date of commission, and this is so regardless whether a delayed sentence under Mich. Comp. Laws § 771.1 is involved. Had Snethkamp been convicted of the Livingston County offenses first, they would have been counted in initially calculating PRV 7, notwithstanding that they were committed before Snethkamp's arrest for the Emmet County offense. No vagueness is introduced by the delayed sentencing. Although § 771.1 does not directly state when the guidelines should be calculated, the fact that sentencing is delayed provides notice that the guidelines will be calculated at a later time, when sentencing actually takes place. Michigan law simply requires that the guidelines be scored at sentencing, and a delay in sentencing therefore results in a delay in scoring.

We further note that the core of Snethkamp's argument is that as a result of the alleged vagueness of § 771.1, the twelve-to-twenty-months sentencing range that applied at the initial hearing at which his sentencing was delayed, was increased to thirty-six to sixty months at his actual sentencing a year later, subjecting him to greater exposure to an increased sentence, notwithstanding that he committed no new offenses and complied with the conditions of the delayed sentence. However, the court departed downward from the higher guideline. The

---

*Tolbert* court was addressing a void-for-vagueness challenge, but the question was whether defendants have adequate notice that concurrent or subsequent convictions will be scored despite the fact that PRVs are "intended to assess *prior* criminal history," 2010 WL 539853 at *7 (emphasis in original), not whether scoring is restricted to subsequently *committed* felonies. Further, the guidelines manual instruction is not in conflict with the language of the statute, Mich. Comp. Laws § 777.57(2); they are, in fact, consistent.

sentence Snethkamp actually received at the delayed sentencing was a twelve-month term of incarceration, with six months to be served immediately in county jail and six months held in abeyance at the court's discretion, followed by a term of probation of thirty-six months. Thus, Snethkamp was effectively sentenced in accordance with the earlier-computed guidelines rather than the increased range. And, Snethkamp does not argue that the trial court would have imposed a lesser sentence had his sentence not been delayed, or a lesser sentence at the delayed sentence had the guidelines not been rescored.

Snethkamp further argues that the delayed sentencing statute creates an opportunity for prosecutorial gamesmanship. But Snethkamp does not argue that the prosecutor induced him to act differently in reliance on the belief that his scoring was "locked in"; rather, he argues that the trial court and the sentencing guidelines themselves led him to believe that his sentencing guideline range would not increase if he complied with the terms of the delay. An argument regarding the potential for prosecutorial misconduct is more appropriate for a different case with different facts, i.e., where prosecutorial misconduct is involved. Here, at the delayed sentencing hearing, the sentencing court chose not to apply the higher guidelines and instead departed downward and sentenced consistent with the original guidelines that were based on a PRV 7 score of zero, likely because Snethkamp had, in fact, demonstrated the conduct that the court had hoped he would.

Further, to the extent Snethkamp argues that he was entitled to an intermediate sanction without a prison term, this argument is unsupported. The trial court had the option of sentencing Snethkamp to prison even when PRV 7 was scored at zero. Because the high end of the twelve-to-twenty-months range was greater than eighteen months, a within-guidelines sentence included two options: 1) an intermediate sanction that could include imprisonment in jail for up to twelve

months, and 2) a *prison* term with a minimum term of no more than twenty months. Mich. Comp. Laws § 769.34(4)(c)(i). In other words, Snethkamp was always subject to a within-guidelines prison term.

In sum, Mich. Comp. Laws §§ 771.1 and 777.57 are not vague. The latter explains how PVR 7 is to be scored and the former merely permits sentencing to be delayed. The fair import, unless the Michigan courts say otherwise, is that Mich. Comp. Laws § 777.57 will be applied according to its terms at the time sentencing takes place. Further, any unfairness in the implied promise of leniency for continued good behavior was obviated when the court chose to impose a sentence that was consistent with the lower guideline range. Finally, the sentence Snethkamp now serves is the result of resentencing for a violation of his probation. Although the same guidelines range applied in 2015 as had applied in 2014, the court was entitled to "consider post probation factors" in determining whether a greater sentence was warranted in 2015 than had been imposed in 2014. *See People v. Hendrick*, 697 N.W.2d 511, 516 (Mich. 2005).

Snethkamp's void-for-vagueness challenge fails.

## B. Remaining claims

As in his habeas corpus petition below, Snethkamp argues that § 771.1 violated the Fifth Amendment's protection against double jeopardy and undermined his interest in the finality of his sentence. However, Snethkamp's COA was specifically confined to his void-for-vagueness claim. Thus, we do not address his double jeopardy/finality or ex post facto arguments. Nor are his claims addressed to the length of his sentence for probation violation or its reasonableness properly before us.

## III. Conclusion

For these reasons, we **AFFIRM**.